In the Matter of GRAYSON–ROBINSON STORES, INC., Debtor-Appellant.

No. 387, Docket 28167.

United States Court of Appeals Second Circuit.

Argued June 12, 1963.

Decided Aug. 7, 1963.

Sydney R. Nussenfeld, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Joseph E. Browdy, of counsel), for appellant.

Homer Kripke, of Stein, Kripke & Rosen, New York City (Lloyd Rosenfeld, New York City, of counsel), for appellees Florida State Shopping Plazas, Inc., and Reistertown Road Plaza, Inc.

Isidor E. Schlesinger, of Schlesinger & Teller, New York City, for appellees Katherine F. Ladd, and Connecticut Gen. Life Ins. Co.

Benjamin Weintraub, of Levin & Weintraub, New York City (Elias Mann, and Michael J. Crames, New York City, of counsel), for appellees Seymour Moslin, and Paul Maslin.

John F. Mulvey, of Engel, Judge & Miller, New York City (George J. Gardella, Jr., New York City, of counsel), for appellees Wachovia Bank and Trust Co., and Richardson Corp. of Greensboro.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge.

Appellant, which is the debtor in possession in an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 ff., moved before the referee under Section 313(1) of the Act, 11 U.S.C. § 713(1), for authority to reject certain contracts of guaranty. The referee denied the motion and the district court affirmed. We affirm the decision of the district court.

The referee's Certificate on Review stated the issue to be decided by the district court as follows:

"The question presented in the petition to review is simply one of law: Are guaranties of leases executory contracts which may be rejected pursuant to Section 313(1) of the said Act?"

We are asked to review on the basis of the question so stated, the district court's affirmance of the referee's order.

Rarely can a legal question put thus in vacuo be answered with confidence. The present case is not one of these rare exceptions.

We are told little in the slender record before us except that when the petition under Chapter XI was filed appellant operated a chain of retail stores engaged in selling wearing apparel. Its stores were located in various cities throughout the country in quarters which were leased to appellant or to its subsidiaries. In most instances where the quarters were leased to subsidiaries, appellant guaranteed performance of the subsidiary's obligations under the lease, including payment of rent. It is guaranties of this type which are the subject of the present controversy. The subsidiaries have not been put into bankruptcy. However all those subsidiaries the leases of which are involved in the present application have defaulted on their leases.

We are not told, nor are we disposed to speculate, as to why the appellant did not seek reorganization of the subsidiaries. We are not informed of the reason for the application to reject the guaranties. We do not propose to guess whether the appellant believes that rejection of its guaranties would result in some limitation on its liabilities un-

der the leases which are defaulted, or whether such rejection would put the appellant in a stronger bargaining position with respect to leases which it wishes to continue.

■ The unsatisfactory character of the "naked" question of law which has been certified is illustrated by the difficulty presented by the term "executory contracts." Williston notes that all contracts are executory "to a greater or less extent." 1 Williston, Contracts § 14, at 28 (3d ed. 1957). In a sense, then, the question certified is meaningless apart from concretization based on the specific facts of the particular situation. In order to determine with confidence whether any particular contract is to be considered executory within the meaning of Section 313(1), we must know why the question is asked and what would be the consequences of the answer "yes" or the answer "no."

The appellant has at least the logical burden of persuading us that the answer given by the referee and by the district court is not the correct answer. It could perhaps have discharged that burden by revealing the purpose of its motion, the function of the rejection of the guaranties in the reorganization process, the practical results of granting or denying its application. It has chosen not to do so but to leave us uninformed in these respects.

■ On so barren a record we must answer the "naked" legal question, "no." The situation for which the statute provides is one in which, in making a determination whether or not to reject, the advantages of giving and receiving further performance are to be weighed against the disadvantages. A guarantor of a lease has no interest in the lessor's future performance. Such an agreement of guaranty is not in itself any part of a bargain for future performance. Rather than having any interest in the lessor's performance, the guarantor's interest would be better served by non-performance, since in that event the guarantor would be released from the obligation which he has undertaken. The agreement of guaranty is therefore not an executory contract within the meaning of Section 313(1). The guarantor, by the lessor's execution of the lease, has received all of the consideration for which he bargained with the lessor. The contract between them is executed except for the guarantor's obligation to pay upon default of the lessee. By his "rejection" the guarantor would be relinquishing no benefits; he would merely be repudiating his obligations. A guarantor is therefore no more entitled to reject his agreement of guaranty than would any bankrupt be entitled to "reject" his accrued debts.

It is of no consequence that this particular debtor may have an interest in the future performance by lessors. Such interest arises from the debtor's relationship to the lessees and is wholly irrelevant to the agreements of guaranty, which must be treated for purposes of the statute like any other such agreements.

Moreover, it has been held that when a lessee has rejected a lease, an agreement of guaranty of the lease is not an executory contract which the guarantor can reject. In re Schulte Retail Stores Corp., 105 F.2d 986 (2d Cir., 1939); Hippodrome Bldg. Co. v. Irving Trust Co., 91 F.2d 753 (2d Cir.), cert. denied, 302 U.S. 748, 58 S.Ct. 265, 82 L.Ed. 578 (1937); see 2 Remington, Bankruptcy 301 (Rev.Ed.1956). Where, as in the present case, the lessees involved have all defaulted on their leases and the guarantor's liability has therefore attached, the situation may be considered analogous to that arising from the lessee's rejection.

Affirmed.