**In the Matter of UNISHOPS, INC. and Middletown Center, Inc., et al., Debtors.**

**No. 12, Docket 76–5009.**

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1976.

Decided Sept. 27, 1976.

**1018**

Albert Lyons, New York City (Seymour J. Silverberg and Ruben Schwartz & Silverberg, New York City, of counsel), for appellants.

Elias Mann, New York City (Daniel A. Zimmerman, and Levin & Weintraub, New York City, of counsel), for debtors-appellees.

Before HAYS, TIMBERS and GURFEIN, Circuit Judges.

PER CURIAM:

Whites at Middletown, Inc. (Whites) became the owner of the Middletown Shopping Center. It leased the premises to Middletown Center, Inc. (Middletown). Unishops, Inc. bought all the capital stock of Middletown, making it a wholly-owned subsidiary. Whites sold its interest in the Shopping Center to 143 Estates, Inc., the claimant herein. As a condition to its acquisition of the fee, 143 Estates, the new landlord of Middletown, acquired a guarantee of the latter's existing lease from its parent Unishops.

On November 3, 1973 Unishops filed its petition for an arrangement under Chapter XI of the Bankruptcy Act, Sections 301 *et seq.*, 11 U.S.C. § 701 *et seq.* Middletown did not file a petition for Chapter XI relief until September 3, 1974, and remained in possession at least until that date when it sent the keys back to the landlord with a covering letter indicating an intention to give up possession and the lease. The Bankruptcy Court on September 23, 1974 entered an order authorizing disaffirmance of the lease pursuant to § 313(1) of the Act, 11 U.S.C. § 713(1).

The landlord then filed two claims against the parent Unishops. The first claim is for priority as an administration expense for $417,000.17, rent owed it by Unishops' subsidiary from March 1, 1974 to September 23, 1974—a period during all of which Unishops was in a Chapter XI proceeding. The second claim is not the subject of an appeal. The landlord also filed a claim against Middletown, the subsidiary, for unpaid rent from September 3 to September 23, 1974 in the amount of $42,050 seeking priority as an administration expense. During this period, the subsidiary lessee was in a Chapter XI proceeding.

Bankruptcy Judge Babitt held the claim against the parent *Unishops* for $417,000.17 to be a general claim, relying on *Grayson-Robinson Stores, Inc.*, 321 F.2d 500 (2d Cir. 1963). The District Court (Frankel, *J.*) confirmed this determination. 422 F.Supp. 75. The Bankruptcy Judge ordered the $42,050 claim against the lessee, subsidiary of Unishops, to be an administration expense. Judge Frankel reversed this order on the ground that the lessee had not been in actual possession of the premises after it filed its petition and that occupation by sub-lessees of the debtor (who did remain in the premises) was not to be construed as occupation by the debtor-in-possession. Hence, the lessor was not entitled to have the rent treated as an administrative expense priority.

We believe that the treatment by Judge Frankel of both claims as general claims was correct. We affirm generally on the basis of his opinion below, including its references to Bankruptcy Judge Babitt's opinion, with one *caveat.*

We again caution that the language in *Shopmen's Local Union No. 455 etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975), stating that "[a] debtor-in-possession under Chapter XI . . . is not the same entity as the pre-bankruptcy company" should not be extended as a generalization in cases other than those involving labor collective bargaining agreements where the claim is that Section 8(d) of the

National Labor Relations Act, as amended, 29 U.S.C. § 158(d), precludes disaffirmance of the labor agreement in a Chapter XI proceeding without taking the steps required under Section 8(a) of the Labor Act; or under the Railway Labor Act, 45 U.S.C. § 151 *et seq., see Brotherhood of Railway etc. Employees v. REA Express, Inc.*, 523 F.2d 164, 170 (2d Cir. 1975), *cert. denied*, 423 U.S. 1017, 96 S.Ct. 451, 46 L.Ed.2d 388 (1976). We noted in *Truck Drivers Local Union No. 807 v. The Bohack Corporation*, decided August 9, 1976, 541 F.2d 312, 319–320, 2 Cir., that the language used should be so limited. Judge Frankel's decision on the claim against the parent Unishops is supported by *Grayson-Robinson, supra.*

The order of the District Court is affirmed.