In re THC FINANCIAL CORP., a Hawaii Corporation, Debtor.

In re The HAWAII CORPORATION, a Hawaii Corporation, Debtor.

Nos. 76–0493 and 76–0512.

United States District Court, D. Hawaii.

Dec. 27, 1977.

Tamotsu Tanaka, Izumi & Tanaka, Honolulu, Hawaii, Stephen P. Feldman, Stutman, Treister & Glatt, Los Angeles, Cal., for Trustee in Reorganization of THC Financial Corp.

Don Jeffrey Gelber, Honolulu, Hawaii, for Trustee in Reorganization of The Hawaii Corp.

Allen F. Corotto, San Francisco, Cal., for Securities and Exchange Commission.

Paul E. Maki, Honolulu, Hawaii, for Randolph Crossley.

Theodore A. Kolb, Robert E. Graham, Sullivan, Roche & Johnson, August B. Rothschild, Linda Sorensen, Rothschild, Phelan & Montali, San Francisco, Cal., Alan M. Goda, Kobayashi, Koshiba & Watanabe, Honolulu, Hawaii, for various former Officers and/or Directors of THC Financial and/or The Hawaii Corp.

## MEMORANDUM DECISION *

### ON

(1) THCF AMENDED MOTION TO RE-JECT EXECUTORY CONTRACTS FOR INDEMNITY OF OFFICERS AND DIRECTORS OR FOR ALTER-NATIVE RELIEF,

### AND

(2) THC AMENDED APPLICATION TO DETERMINE STATUS OF CLAIMS OF OFFICERS AND DIRECTORS FOR INDEMNITY, COSTS, AND EX-PENSES

PENCE, District Judge.

Both The Hawaii Corporation (THC) and THC Financial Corporation (THCF) are Debtors under Chapter X of the Bankrupt-cy Act. Their respective Trustees are now before the court regarding indemnification agreements in each corporation's Articles and elsewhere between the corporation and its officers and directors. In brief, these provisions indemnify officers and directors for suits brought against them in their cor-porate capacities unless their challenged conduct amounted to a breach of fiduciary duties.

THCF asks that these agreements be re-jected as executory; in the alternative, THCF asks, as does THC, that it be deter-mined their respective estates have no ad-ministrative liability for such indemnifica-tion, if any, i. e., indemnification claims are not entitled to priority as administrative expenses but are no more than garden vari-ety general unsecured claims. Opposition to this position is made by Messrs. Crossley, Sultan, Croasman, and Cooke, all of whom served as directors or officers of THC or THCF prior to bankruptcy.

■ THCF's contention that these in-demnification agreements are executory contracts subject to rejection by the Trus-tee is not well taken. The officers and directors in question having already served in such capacities, they have performed their side of the agreements and nothing now remains save the corporations' obliga-tion to indemnify.[1] THCF's argument that the various ministerial tasks attendant upon indemnification amount to more than that, is not persuasive.

A more difficult question is whether in-demnification costs, assuming for the mo-ment that the corporations would be obli-gated under the agreements to pay, would be administrative costs entitled to priority of payment or simple general unsecured claims standing in line with all others.

Section 216(3) of the Bankruptcy Act (11 U.S.C. § 616(3)) states that a Chapter X plan of reorganization "shall provide for the payment of all costs and expenses of admin-istration and other allowances which may be approved or made by the judge." These costs take priority over general unsecured claims of creditors.

The Trustees argue that any indemnifica-tion claims cannot qualify for such priority treatment under section 216(3); they would arise from agreements entered into and performed on one side prior to filing of bankruptcy and thus not be necessary ad-ministrative costs of handling the debtors' estates.

■ This question presents what might be seen as a conflict between basic princi-ples of corporations law and the Bankrupt-cy Act, the former leading all too often to the latter. On the one hand, it is a funda-mental tenet that officers and directors lawfully acting on behalf of their corpora-tion should do so at no risk of personal expense or liability in properly performing their duties. Indeed, this circumstance is most probably a necessary inducement for

---

* This written decision incorporates, by refer-ence, and follows that made orally at the hear-ing on this matter held on December 16, 1977.

1. See generally In the Matter of Unishops, Inc., 422 F.Supp. 75 (S.D.N.Y.1975), affirmed, 543 F.2d 1017 (2d Cir. 1976); In Re San Francisco Bay Exposition, 50 F.Supp. 344 (N.D.Cal.1943); In the Matter of Computer Utilization, Inc., 508 F.2d 673 (5th Cir. 1975); Countryman, V., "Ex-ecutory Contracts in Bankruptcy: Part I", 57 Minn.L.Rev. 439.

taking a corporate office. Indemnification agreements such as the ones in issue here exist in almost every corporate management contract.

On the other hand, costs incurred in the administration of a bankrupt debtor's estate are theoretically those actually necessary, in the case of terminal Chapter X proceedings for a corporation, to the winding up of the company. Allegations in a lawsuit of corporate management misconduct contributing to bankruptcy relate, ipso facto, to pre-petition activity, and so cannot be said to be administrative costs in the strict sense.

The basic equitable problem here is that officers and directors have served in reliance on indemnification, and to have them now personally held liable for costs and judgments against them for acts done in their corporate capacities, and giving them only dubious general unsecured claims against their now-bankrupt employer corporations appears "unfair".

■ Such seeming unfairness, though, is endemic in bankruptcy; the pertinent enquiry is whether their above status is any *more* unfair than that of anyone else providing goods and services to a corporation, and then not receiving full payment when it goes bankrupt. Officers and directors, however, act *on behalf of* the corporation, whereas other "creditors" or claimants deal *with* the corporation at arms' length. Although the officer or director receives a salary for his service, he receives no particular benefit from any particular transaction he enters into for his employer. Per contra, others enter into transactions with the corporation for their own benefit. Thus, officers and directors can be seen as *sui generis* in their role as claimants. On this basis, the *Unishops*[2] case cited by THC, is to be distinguished from the present case. There, the lessor receiving the guaranty was an "outsider". Officers and directors are per se part of the internal machinery of the corporation. Therefore, any obligation which they lawfully incur for the corpora-

tion, and any activities which they lawfully undertake for the corporation, are in effect those of the corporation itself. To the extent the corporation is discharged in bankruptcy, then so ought to be those lawful obligations and activities. If the directors and officers are bundled into court to defend those lawful activities, the costs thereof ought in equity to be borne by the bankrupt's estate.

■ The key here is the word "lawful". If the directors and officers in fact acted unlawfully—*i. e.*, breached their fiduciary duties—then not only ought *they* to bear the defense costs, but in fact they will *have* to do so (as well as any judgments against them) since the indemnification agreements here as well as public policy expressly exempt such activities. In short, where, as the court is given to understand here, the allegations in suits against the officers and directors are for breach of fiduciary duties and thus not those which by agreement the corporations are bound to indemnify, the corporations are obligated to underwrite only the defense costs and then only when the defense is successful on the merits.

■ It follows, therefore, that to the extent any indemnification should be made in such suits, it may only be made on a case-by-case *ex post facto* basis, awarded only when the officer or director has successfully defended himself against and has been cleared of allegations of misconduct. It would be simply intolerable for a bankrupt corporation's estate to be responsible for pre-adjudication defense costs when it may be possible that allegations of misconduct are in fact true. Therefore, officers and directors finding themselves in such circumstances must, at least initially, bear their own costs, when their corporate employer is in the bankruptcy courts.

■ Since the court here holds that any indemnification could be given section 216(3) status only after the successful defense of misconduct suits, it is entirely premature to consider that status until a successful defense is made. Since the court

2. See note 1.

has been made aware of none, THC's amended application, and that portion of THCF's amended motion seeking a similar determination, is not ripe. Therefore they must be denied, without prejudice.

By way of dicta, based on the above discussion, the court is not willing to hold as a matter of dogma that indemnification claims such as are potentially in issue here can under no circumstances be granted section 216(3) status and allowed as priority expenses. Section 216(3) permits payment "of all costs and expenses of administration *and other allowances which may be approved or made by the judge* " [emphasis added]. The traditional discretion vested in the bankruptcy judge and the statutory language itself, in the appropriate circumstances, may permit of some play for equitable principles so as to allow a priority award based on corporate indemnification. Those circumstances are not here presented, however.

Applicant's Amended Application and movant's Amended Motion are DENIED.