In re UNITED MERCHANTS AND MANUFACTURERS, INC., et al., Debtors.

UNITED MERCHANTS AND MANUFACTURERS, INC., et al., Debtors-Appellants,

v.

J. HENRY SCHRODER BANK AND TRUST COMPANY, Marine Midland Bank and Oppenheim, Appel & Dixon, C.P.A., Claimants-Appellees.

No. 809, Docket 79–5002.

United States Court of Appeals, Second Circuit.

Argued April 16, 1979.

Decided May 8, 1979.

Michael J. Crames, New York City (Levin & Weintraub, Myron Trepper and Joel Holstein, New York City, of counsel), for debtor-appellant.

David B. Rigney, New York City (Sullivan & Cromwell, John W. Dickey and M. E. Freeman, New York City, of counsel), for appellee Marine Midland Bank.

Jay L. Westbrook, New York City (Surrey, Karasik, Morse & Seham, Joseph Chervin and Lester M. Kirshenbaum, New York City, of counsel), for appellee J. Henry Schroder Bank & Trust Co.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge and MacMAHON, District Judge.*

PER CURIAM:

Appellees are indenture trustees for debenture issues which appellant United Merchants and Manufacturers, Inc. (the "debtor") had outstanding on the date of its petition for an arrangement under Chapter XI of the Bankruptcy Act (the "Act"), 11 U.S.C. §§ 701 *et seq.* (1970). After the proposal and acceptance of a plan of arrangement (the "plan"), appellees applied to the bankruptcy court for compensation for services rendered during the bankruptcy proceeding and for attorney's and accountant's fees incurred during that period. They based their application on covenants in the indentures under which the debtor had agreed to pay appellees reasonable compensation and reimbursement for expenses. Bankruptcy Judge Babitt found that the indentures had been affirmed by the plan and held that appellees were therefore entitled to compensation as expenses of administration under Section 64(a)(1) of the Act, 11 U.S.C. § 104(a)(1) (1953). The district court, Pierre N. Leval, Judge, affirmed, and this appeal followed.

█ It is well settled that the bankruptcy court lacks the power to grant, and the policy of the Bankruptcy Act is against, compensation not expressly provided for by the Act. *Lane v. Haytian Corp.,* 117 F.2d 216, 219 (2d Cir.), *cert. denied,* 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537 (1941). In accordance with that policy, we affirmed the decision of then District Judge Gurfein in *In re FAS International, Inc.,* 382 F.Supp. 77 (S.D.N.Y.1974), *aff'd per curiam,* 511 F.2d 1164 (2d Cir.), *cert. denied,* 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975), holding that a bankruptcy court cannot exercise its equity powers to grant compensation and reimbursement to an indenture trustee.

Recognizing the need for some statutory provision authorizing the bankruptcy court to grant the payments sought, appellees contend that their claims are founded on executory contracts affirmed by the plan and that they are therefore entitled to payment under Section 64(a)(1) of the Act as expenses of administration. They further contend that, unlike the indenture trustees in *In re FAS, supra,* they are not relying upon the equitable powers of the bankruptcy court but upon the debtor's contractual obligation.

We do not find these contentions persuasive. First, although *In re FAS* may be distinguishable because the indenture trustees there did not rely on a contract, it does not follow that appellees are entitled to recover under Section 64. That section applies to Chapter XI proceedings only to the extent that it is not inconsistent with the provisions of Chapter XI. 11 U.S.C. § 702 (1970). The Act clearly reflects a congressional intention not to compensate indenture trustees from the funds of Chapter XI debtors. While Chapters X and XII expressly provide for the compensation and reimbursement of indenture trustees, Chapter XI pointedly omits to provide for such payments. Compare 11 U.S.C. §§ 642, 892 (1970) with 11 U.S.C. § 739(2) (1970). Thus, permitting appellees to recover under Section 64 would be inconsistent with the policy of Chapter XI to deny such compensation.

██ Second, a Chapter XI debtor is not free to contract to compensate persons when their compensation is not contemplated by the Act. In *Lane v. Haytian Corp., supra,* we held that a Chapter XI debtor may not bind itself to compensate an unofficial creditors' committee because the Act then contemplated only the compensation of a single official committee. *Lane v. Haytian Corp., supra,* 117 F.2d at 219. Although Congress subsequently amended Chapter XI to permit compensation fᵧr unofficial committees, see H.R.Rep.No.2320,

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

**350**

82nd Cong., 2d Sess. 19–20, reprinted in [1952] U.S.Code Cong. & Admin. News pp. 1960, 1980–81, that action does not vitiate the underlying principle that a Chapter XI debtor may not contract to compensate persons involved in administering the estate unless their compensation is consistent with the policies of the Act. Judge Gurfein acknowledged that principle in *In re FAS, supra,* by noting that even if the debtor had agreed to compensate the indenture trustees, such agreement would be of no effect. *In re FAS, supra,* 382 F.Supp. at 79 n.2.

The order of the district court is reversed.