## In the Matter of NJB PRIME INVESTORS, Debtor.

### Applications for Compensation of Indenture Trustees.

### Arrangement No. 78 B 1673 (RB).

United States Bankruptcy Court, S. D. New York.

April 14, 1980.

Weil, Gotshal & Manges, New York City, for debtor; William B. Rochelle III, New York City, of counsel.

Benjamin Zelermyer, Corporate Counsel, Katonah, N. Y., for debtor.

Cravath, Swaine & Moore, New York City, for Chemical Bank as indenture trustee; John Hockenberry, New York City, of counsel.

Chapman & Cutler, Chicago, Ill., for LaSalle Nat. Bank as indenture trustee; James E. Spiotto, Chicago, Ill., of counsel.

## OPINION

ROY BABITT, Bankruptcy Judge:

This Chapter XI debtor[1] had its plan confirmed by this court on March 12, 1979. Among its creditors dealt with in that plan are the holders of subordinated debentures.[2] These 7% and 6¾% debentureholders became such pursuant to separate Trust Indentures. LaSalle National Bank and Chemical Bank are the Indenture Trustees.

When these Indenture Trustees sought to recover the fees and expenses they had incurred in the Chapter XI process, they

---

**1.** The Chapter XI petition was filed under the relevant provisions of the now-repealed 1898 Bankruptcy Act, Sections 301 *et seq.*, 11 U.S.C. (1976 ed.) §§ 701 *et seq.* By the force of Section 403(a) of Title IV of the 1978 bankruptcy legislation, Pub.L. 95–598, 92 Stat. 2683, the 1898 Act governs all matters and proceedings relating to a petition filed under that statute.

See *Guardian Mortgage Investors v. Unofficial Noteholders—Debentureholders, etc.*, 607 F.2d 1020 (2d Cir. 1979), at fn. 6.

**2.** These debentureholders were accorded separate classification by Article II of the confirmed plan.

were apparently informed by the debtor's counsel that an application would have to be filed with this court in keeping with Bankruptcy Rule 219, 411 U.S. 1038, 93 S.Ct. 3125, 37 L.Ed.2d liii, made applicable in Chapter XI cases by Rule 11–31, 415 U.S. 1024, 94 S.Ct. 3248, 39 L.Ed.2d xlvi, and which does provide that:

> "A person seeking compensation . . *from the estate* shall file with the court an application . . . ." (emphasis added)

One Trustee responded by letter of July 2, 1979 that it thought Rule 219 to be inapplicable because it was not seeking compensation "from the estate". The Trustee reasoned that the creditors have been accommodated already in accordance with the plan and that the thrust of Rule 219 is to vouchsafe the reasonableness of compensation from the estate because that impacts on what the creditors might expect from the debtor's assets. Here, in light of confirmation of the plan, the grant of compensation, it is argued, is not "from the estate" within the meaning of the Rule.

The other Trustee went further in a letter of July 9, 1979 to the debtor. Its counsel accepted the argument of his colleague that Rule 219 was not applicable and also urged that claims such as theirs for compensation had not been dealt with by the debtor's plan and were not therefore discharged obligations within the meaning of Section 371, 11 U.S.C. (1976 ed.) § 771.[3] The thrust of their view is that the debtor's property revested in it under Section 70i, 11

U.S.C. (1976 ed.) § 110i, and therefore, the compensation sought is "a wholly private matter between the Indenture Trustees and NJB." [4]

As the debtor seemed to have seen things differently, the Trustees filed an application to this court, together with a proposed order, which, in essence, asked this court to declare that it had no jurisdiction over their compensation and that the debtor's payment of same does "not require the approval of this Court." The debtor gave a qualified consent to entry of that order, qualified by a letter of August 27, 1979, wherein it stated its adherence to the view that Rule 219 did govern.

The court stayed its hand in light of the debtor's position and what the court took to be the law of this Circuit on the subject of compensation to Indenture Trustees from Chapter XI debtors,[5] and invited arguments. On the argument, the Trustees appeared to their earlier views that Rule 219 did not govern and that in light of confirmation of NJB's plan, this court should stand aside and allow the debtor to pay the Trustees in accordance with the provisions of the indenture. But, recognizing the force of two cases decided by the Court of Appeals for this Circuit, the Trustees sought to distinguish their position from that of the Trustees in those cases. The Trustees in this case claim they do not seek the priority status given by Section 64a(1), 11 U.S.C. (1976 ed.) § 104a(1), and therefore this court may not act and should leave the parties alone.[6]

---

**3.** The Indenture Trustees were accorded Class 3 status, and by Article III of the plan creditors in that class were not dealt with or affected and their debts survived confirmation under Section 371.

**4.** Page 5 of the memorandum of the Indenture Trustees.

**5.** Sections 503(b)(3)(D), 503(b)(4), and 503(b)(5) of the 1978 Bankruptcy Code, 92 Stat. 2581, read together, specifically authorize compensation and reimbursement to indenture trustees and their attorneys, something contemplated by Chapter X of the 1898 Act but not by Chapter XI. These are administrative expenses under the 1978 statute and therefore

given first priority of distribution under Section 507(a)(1), 92 Stat. 2583.

**6.** How this helps the Trustees is not clear. Such priority is paid in full as an expense of the Chapter XI proceedings. Creditor status at the filing is pitched to the promises made in the plan to unsecured, non-priority creditors, ordinarily less than the 100 cent dollars paid priority creditors. See Sections 337(2) and 367(2), 11 U.S.C. (1976 ed.) §§ 737(2) and 767(2) and Rule 11–38(a)(1), 415 U.S. 1028, the analogous Rule. The short of it is that the Trustees' position rests on the unacceptable premise that by seeking compensation after confirmation, this court loses the power it had before that event to appraise the value of services rendered in the Chapter XI case, surely a sensitive area.

The debtor is not certain whether it should ride astride the horse, ride side-saddle or not mount at all. Apparently unwilling to face the ire of its stockholders by making an unwarranted payment from its treasury, the debtor first tells the court that it has jurisdiction to fix the Trustees' compensation under Rule 219. In virtually the same breath it also tells the court it does not object to entry of an order denying such salutary jurisdiction.

No matter!! The court need not characterize the Trustees' position as ingenious or ingenuous. Nor need it look for a suitable adjective to modify the debtor's, for this court is not asked to write on a clean slate, but "rather on one already well covered by our superiors" as observed by Judge Friendly in his concurring opinion in *U. S. A. v. A Motion Picture Film Entitled "I am Curious-Yellow"*, 404 F.2d 196, 200 (2d Cir. 1968).

The Court of Appeals for this Circuit has twice in the last five years spoken to the question as to whether Indenture Trustees may obtain compensation from a Chapter XI debtor. In both, the answer was an emphatic "no".

In *Matter of FAS International, Inc.*, 382 F.Supp. 77 (S.D.N.Y.1974), aff'd the following year, 511 F.2d 1164 (2nd Cir.), *cert. denied* 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975), the late District Judge (as he then was) Gurfein restated the proposition of *Lane v. Haytian Corp.*, 117 F.2d 216, 219 (2d Cir. 1941), *cert. denied* 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537 (1941) that "the bankruptcy court lacks power to grant, and the policy of the Act is against compensation not expressly provided for by the Act." Acknowledging the force of this clear policy expression, the Indenture Trustee in *FAS International Inc.* appealed the judgment of

the referee (now bankruptcy judge) that its equity power could not run against the grain of such an unambiguous rule. The Trustee's effort to show the degree to which the debentureholders actually benefitted in that debtor's plan despite their subordinated status, see *In re Itemlab, Inc.*, 197 F.Supp. 194 (E.D.N.Y.1961), was held unavailing in light of Congress' treatment of the subject in Chapter XI and the different treatment in Chapter X.[7] This court's denial of its equity power as a basis to award compensation was affirmed.

So the matter stood until the Indenture Trustees in the successful Chapter XI of United Merchants & Manufacturers, Inc. sought relief from this court, not as a matter of an exercise in equity, seen to be precluded as a litigable issue by *Matter of FAS International, Inc., supra.* Those Trustees claimed a statutory basis, *i. e.*, Section 64a(1) of the Act, 11 U.S.C. (1976 ed.) § 104a(1). They reasoned that the source of their compensation was a contract with their debtor, that contract was not rejected,[8] that it was, as a matter of fact, affirmed by the plan, and that therefore they were entitled to compensation as an administration claim entitled to Section 64a(1) priority.[9] This court and District Judge Leval agreed that *FAS International, Inc.* did not bar such compensation as might be allowed under Rule 219. The Court of Appeals reversed, holding that the scheme of Chapter XI precluded recourse to Section 64a(1) as the statutory basis for compensation to Indenture Trustees in such cases. *In re United Merchants & Manufacturers, Inc.; United Merchants & Manufacturers, Inc. v. J. Henry Schroder Bank & Trust Co., et al.*, 597 F.2d 348 (2d Cir. 1979), not otherwise officially reported. Further, the court made clear that a Chapter XI debtor was not free to contract to pay com-

---

**7.** Chapter 11 of the 1978 Code, Sections 1101 *et seq.*, combines many of the features of old Chapters X, XI and XII. Among those incorporated from Chapters X and XII, are those authorizing compensation to Indenture Trustees. See fn. 5, *supra.*

**8.** Section 313(1), 11 U.S.C. (1976 ed.) § 713(1) authorized a debtor to reject before confirma-

tion of a plan. Section 357(2), 11 U.S.C. (1976 ed.) § 757(2), gave the debtor the option of rejecting an executory contract in its plan. Confirmation would achieve the rejection in this latter case.

**9.** See fn. 6, *supra.*

pensation "when their compensation is not contemplated by the Act", a view apparently also taken in *FAS International, Inc., supra*, fn. 2 at 79.

■ There remain two things to tidy up before the court takes the inevitable step of declining to place its seal of benediction on the proposed order. The first deals with the Trustees' reliance on the force of Section 70i that confirmation of a plan revests title to property dealt with in the plan in the debtor. This section recognizes that under Section 70a, 11 U.S.C. (1976 ed.) § 110a, a trustee in bankruptcy is "vested by operation of law" with the bankrupt's title to non-exempt property as of the date of the petition.[10] Accordingly, when the congenial purpose of Chapter XI has been achieved and the creditors dealt with by the confirmed plan, it is appropriate that title leave the debtor in possession or trustee and return to the rehabilitated debtor so that it might deal with its property and the world as though it had never been subject to the jurisdiction of the bankruptcy court. Thus, under Section 21h, 11 U.S.C. (1976 ed.) § 44h, and its mate in the Rules, Rule 11–38(f), 415 U.S. 1029, 94 S.Ct. 3252, 39 L.Ed.2d xlviii, a certified copy of the plan and the order of confirmation "constitute conclusive evidence of the revesting of title to all property in the debtor . . . ."[11] But such revestment, designed to make the erstwhile debtor in possession master of its own fate in the commercial world, free of the press of those creditors to whom it was indebted before it became a Chapter XI

supplicant, does not imply that the debtor is thereby free to use its assets contrary to law. Moreover, the interpretation of Section 70i as a license to pay after revestment what would be denounced before, invites forebearance until after confirmation. This places a debtor's treasury at the mercy of a delayed suit.

In this court's view, compensation to Indenture Trustees can only come from the estate of the rehabilitated debtor, regardless of Section 70i with its own special purpose, and therefore it is within this court's usual jurisdiction to fix reasonable compensation in accordance with Rule 219. But that jurisdiction may not be exercised in favor of Indenture Trustees in Chapter XI cases for the Court of Appeals for this Circuit has foreclosed that as a litigable issue.

Nor can the parties expand a power which this court's superiors have denied it may exercise. While the debtor might recognize the equities or, indeed, its contractual obligations, or might be grateful for the cooperation it received from the Indenture Trustees to achieve confirmation, or might wish to avoid a suit or settle one already begun, this court cannot lend itself to recognize any of these and thereby fly in the face of what the Court of Appeals here has twice said.

The application for entry of the order submitted by the Indenture Trustees is denied. It is so ordered.

---

**10.** Under Section 302 of Chapter XI, 11 U.S.C. (1976 ed.) § 702, Section 70a, carried in Chapter VII, applies. Under Section 342, 11 U.S.C. (1976 ed.) § 742, on the filing of a Chapter XI petition, the debtor continuing in possession has "all the title" and may "exercise all the powers of a trustee . . . ." This debtor in possession is for some purposes a new and different entity from the pre-petition debtor. See *Shopmen's Local Union No. 455, etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698, 704 (2d Cir. 1975), but note the wise caution against a general extension of this transformation expressed in *Matter of Unishops, Inc.*, 543 F.2d 1017 (2d Cir. 1976). The case at bar proves the wisdom of the caution expressed in the latter.

**11.** Section 541 of the 1978 Code, 92 Stat. 2594, analogous to old Section 70a, dispenses with the notion that title to a debtor's property passes. It merely defines property of the estate and specifies what property is property of the estate. See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 175,367 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. In the context of a confirmed Chapter 11 under the Code, Section 1141(b), 92 Stat. 2638, confirmation of a plan "vests all the property of the estate in the debtor", House Report, *supra*, at 418, U.S.Code Cong. & Admin.News 1978, at 6374.