**In re ELEGANT CONCEPTS, LTD., Debtor.**

**ELEGANT CONCEPTS, LTD., Plaintiff,**

**v.**

**Erling C. KRISTIANSEN, Defendant.**

**Bankruptcy No. 086–60160–21.**
**Adv. No. 086–0025.**

United States Bankruptcy Court,
E.D. New York.

April 30, 1986.

Philip Irwin Aaron, P.C. by Philip Irwin Aaron and Alan Mendelsohn, Jericho, N.Y., for debtor.

Moritt & Wolfeld by Neil Moritt, Garden City, for Erling C. Kristiansen.

Pinks, Brooks, Stern & Arbeit by Steven Pinks, Hauppauge, N.Y., for creditors.

OPINION and NOTICE OF HEARING

CECELIA H. GOETZ, Bankruptcy Judge:

Before the Court for decision at this time are three separate applications by Erling C. Kristiansen:

(1) Modification of the automatic stay imposed by 11 U.S.C. § 362 so as to permit the entry of a judgment against the debtor in the Supreme Court of the State of New York in the pending proceeding known as "In the Matter of the Application of Erling C. Kristiansen, Holder of One-Third of all Outstanding Shares Entitled to Vote of Elegant Concepts, Ltd., Petitioner, for the Judicial Dissolution of Elegant Concepts, Ltd." ("State Stockholder Proceeding").

(2) Modification of the automatic stay so as to permit the Honorable Alfred Lama of the Supreme Court, State of New York, County of Suffolk, to decide an action brought against the debtor and two of its stockholders, Norbert Nardone and William Terranova, tried by Justice Lama in May, 1985.

(3) Abstention by the Court from hearing and the dismissal of the adversary proceeding brought in this Court by the debtor against Erling C. Kristiansen. The relief is requested pursuant to 28 U.S.C. § 1334.

Kristiansen's first and third requests are closely related to a motion earlier brought on by the debtor by Order to Show Cause requiring Kristiansen to show cause "why an order pursuant to 11 U.S.C. § 105

should not be made and entered herein extending the provisions of the automatic stay imposed under 11 U.S.C. § 362 to the above-named remaining shareholders [Norbert Nardone and William Terranova] of the debtor corporation." In connection with the debtor's application to extend the umbrella of the stay protecting it to its two stockholders, the Court took extensive evidence stating at the time that the same evidence would be considered in connection with Kristiansen's application, as to which no new, or additional, evidence was taken.

As to Kristiansen's second request, that is for modification of the automatic stay to permit the action brought by Saxpo, Inc. and Lauder, Inc. to proceed to decision in the State court, no decision is now being reached for the reason that the Court deems the information now before it inadequate to make an informed determination. The hearing on this application will be continued to May 20, 1986 at 10:00 a.m. for the purpose of receiving whatever evidence either side wishes to present as to this matter. Pending such hearing, the stay is to remain in effect.

This opinion deals only with the relief sought with respect to the pending adversary proceeding and the related request for relief from stay so as to permit judgment to be entered in the action now pending before the Honorable Robert W. Doyle, Justice of the Supreme Court, State of New York.

This is the second opinion this Court is issuing in this matter. On April 9, 1986, when it denied from the Bench the debtor's application to enlarge the stay which was precluding Kristiansen from proceeding in the State court, it stated on the record at some length its reasons for doing so, reciting the facts on which it relied. Familiarity with the Court's opinion will be presumed.

### The Background Facts

The procedural background giving rise to the applications now pending before the Court is not in dispute.

The complaint in the adversary proceeding which Kristiansen is requesting this Court to abstain from hearing alleges that Kristiansen, who was a shareholder in the debtor corporation organized under the laws of New York, commenced an action on March 26, 1984 pursuant to Section 1104(a) of the Business Corporation Law of the State of New York to dissolve the debtor corporation; that thereafter the corporation and its two remaining shareholders, Nardone and Terranova, elected to purchase Kristiansen's stock pursuant to § 1118 of New York's Business Corporation Law, automatically staying the dissolution proceedings. The complaint does not allege, but copies of the opinions rendered in the State Stockholder Proceeding disclose, that following this election Kristiansen moved for and obtained an order under Section 1118(b) of the Business Corporation Law, calling for a hearing to determine the fair market value of his shares in Elegant, as of March 25, 1984.

Thereafter, the Hon. Robert W. Doyle referred the valuation of Kristiansen's shares to Eugene R. Canudo, Referee, who rendered his report on September 6, 1985. The Referee's report notes that he held 14 days of hearing, and analyzed over 2,000 pages of testimony, over 60 exhibits and almost 150 pages of legal memoranda.

The Referee valued Kristiansen's stock as of March 24, 1984, at $422,525.00. He recommended that the Court award Kristiansen interest on this figure at nine percent from March, 1984. By decision dated February 18, 1986, Justice Robert W. Doyle, in a nine page opinion, confirmed Referee Canudo's report in all relevant respects. He directed the parties to settle judgment.

### The Automatic Stay and Elegant's Adversary Proceeding

Before judgment could be entered, Elegant, on March 10, 1986, filed a voluntary petition under Chapter 11 in this Court. By virtue of § 362(a)(1), such filing automatically stayed entry of the judgment against Elegant. That filing, however, did

not preclude entry of a judgment against Nardone and Terranova. Elegant, to give them the same protection as it enjoyed, then made the application to which reference was made earlier, asking this Court to use its power under 11 U.S.C. § 105 to stay the entry of the judgment against its two stockholders in the interests of the debtor. This Court, finding no prejudice to the debtor from permitting judgment to be entered against Nardone and Terranova, denied the relief requested.

Kristiansen is now seeking to remove Section 362's bar to entry of judgment against Elegant. Elegant, for its part, has brought an adversary proceeding in which, after reciting the facts as to the inception of the judicial dissolution proceeding and the election to buy Kristiansen's shares, Elegant seeks as relief a Declaratory Judgment finding, as follows, based on what are denominated as three "Causes of Action":

(1) That the election made by Elegant pursuant to Section 1118(a) of the Business Corporation Law was void, *ab initio;*

(2) That the election made pursuant to Section 1118(a) of the Business Corporation Law is an "executory contract" which Elegant has the authority under the Bankruptcy Code to reject in the bankruptcy court;

(3) That the election made by Elegant pursuant to Section 1118(a) of the Business Corporation Law was made under a mutual mistake of fact or law.

## DISCUSSION

Elegant's argument opposing the abstention requested by Kristiansen covered a terrain far broader than the issued raised by the adversary proceeding. Elegant's attorney suggested that the obligation to purchase the Kristiansen stock arising from Elegant's election under New York's Business Corporation Law may be vulnerable as a fraudulent conveyance, or as a preference, and that Kristiansen's claim should be equitably subordinated to that of Elegant's creditors. The adversary proceeding, however, contains no such allegations. Elegant's attorney also argued that as a debtor-in-possession, enjoying the

same rights as a lien creditor or a secured creditor, it has the ability to challenge an election which Elegant, itself, may be disabled from attacking.

To meet some of those objections, Kristiansen's attorney agreed to stipulate that if he were permitted to enter his judgment in the State Stockholder Proceeding, Kristiansen would recognize the right of Elegant to reject the election under § 1118(a) as an executory contract if it were, in fact, such a contract as though judgment had not been entered; that Kristiansen was not seeking to improve the position of his client at the bankruptcy proceeding vis-a-vis Elegant's other creditors through the entry of judgment; that equitable subordination was not being precluded; and that Elegant would be permitted to sell any of its property in the bankruptcy court free of Kristiansen's judgment lien.

Nevertheless, the sole creditor's representative present opposed Kristiansen's application.

This case involves a number of interesting issues arising from the interaction between the bankruptcy and state courts, and the effect on such interaction of the amendments made in 1984 made by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("1984 Amendments"). This territory is still largely uncharted.

To understand what is involved, a broad overview of the bankruptcy law and the role of the bankruptcy courts is not inappropriate. The bankruptcy courts may properly be viewed as providing a third judicial mechanism for dispute resolution, paralleling both the Federal courts in their non-bankruptcy aspect and the State courts. Thus, for example, an ordinary contract claim against a company which has filed for bankruptcy, which would normally be adjudicated in a court of conventional jurisdiction, is heard and determined after bankruptcy by the bankruptcy court as part of the necessary allowance, or disallowance, of claims against the estate. Furthermore, the doctrine of *res judicata* does not necessarily bar relitigation in the bank-

ruptcy courts. *Cf. Brown v. Felsen*, 442 U.S. 127, 132, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

■ To those benefits must be added the automatic stay, which freezes all litigation against the debtor immediately upon the filing of a petition in bankruptcy.

The existence of parallel jurisdiction and the possibility of upsetting in the bankruptcy court conclusions reached in another tribunal, coupled with the automatic stay, have tempted resort to bankruptcy where adverse judgments were on the point of being entered or had been entered by state courts. In effect, the bankruptcy court is used as an unorthodox appellate tribunal.

■ All this lends itself to abuse, in view of the fact that no conditions need be met before a corporation or other person may file for relief under Title 11. A solvent company is as free to file as an insolvent one.

The 1984 Amendments to the Bankruptcy Code made several changes in the law with respect to the jurisdiction of the bankruptcy courts designed to reduce the area of potential conflict between the state and the bankruptcy courts. It is one of the changes made by the 1984 Amendments on which Kristiansen relies in requesting that this Court abstain from deciding the issues raised by Elegant's adversary proceeding.

Section 1334(c) of Title 28 added by the 1984 Amendments reads:

"(c)(1) Nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

"(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this section is not reviewable by appeal or otherwise."

The debtor argues that mandatory abstention pursuant to Section 1334(c)(2) is not required because Kristiansen has not met the condition that the action as to which abstention is requested is one which "could not have been commenced in a court of the United States absent bankruptcy jurisdiction". This condition the debtor says is not met because Kristiansen was, or is, a resident alien and, hence, the federal courts would have had jurisdiction of the debtor's action under its diversity powers. 28 U.S.C. § 1332. Because Kristiansen successfully opposed discovery prior to argument of these present motions the facts as to Kristiansen's citizenship are not known. Therefore, for purposes of this motion the Court will assume that diversity is present.

Whether, nevertheless, the federal courts would have taken jurisdiction of the original action brought by Kristiansen to dissolve a New York corporation, let alone an action for a declaratory judgment, raising the same issues, while the earlier action is still pending, is questionable. But exploration of the question seems unnecessary since abstention, if not mandatory, will be directed as a matter of discretion.

■ At this point it is appropriate to note that there is a question as to the power of the bankruptcy court to enter a final order of abstention. Section 1334(c)(1) refers to the "district court ... abstaining". Although the question is far from settled, it appears to me that the approach most consistent with the overall statutory scheme which entrusts the bankruptcy courts in the first instance with responsibility for bankruptcy cases, is that the bankruptcy court has authority to enter an order of abstention, which, however, is not conclusive, but is subject to review by the district court. *See, In re Schear & Associates, Inc.,* 47 B.R. 544 (Bankr.S.D.

Fla.1985); *cf., In re Shell Materials, Inc.,* 50 B.R. 44, 46, 13 BCD 185, 186 (Bankr.M. D.Fla.1985); *In re S.E. Hornsby & Sons Sand and Gravel, Co.,* 45 B.R. 988, 993, 12 BCD 713, 715 (Bankr.M.D.La.1985).

If this Court is incorrect in its view of its power to enter an order to abstain, the district court should deem the Court's views as to abstention to represent its recommendation to the district court as to the action that court should take.

■ The presence in this case, as to at least two of the causes of action in the adversary complaint of all the requirements for mandatory abstention except one, constitutes a powerful argument in favor of discretionary abstention. As noted earlier, discretionary abstention is appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law". Two of the debtor's causes of action require an interpretation of state law and of a specific state statute, Business Corporation Law § 1118(a): i.e., (1) is an election made by a corporation *and* its stockholders proper or must the election be made by one or the other and (2) is such an election voidable on the theory that it was predicated on a mistake of either fact or law. Both issues could have been raised in the proceeding now pending in the state courts and may still be available. Regardless, their decision here is inconsistent with both comity and respect for state law. These issues under New York's Business Corporation Law have never been addressed by the New York courts and this Court would be compelled to guess how they would be decided by those courts.

Elegant argues that as a debtor-in-possession, it is in a better position in the bankruptcy courts to attack its election to purchase Kristiansen's stock than it would be in the state courts because it has the rights of a secured creditor and of a judgment creditor. But resolution of the issues raised by the complaint as to the election made under BCL 1118(a) do not vary depending upon the capacity of the party raising them. A lien creditor, or a secured creditor, is in no better, nor worse, position than the debtor itself. Therefore, there is no reason for the bankruptcy court to accept jurisdiction over these purely state causes of action.

■ We come now to the debtor's third cause of action, that is, the contention that Elegant's election to purchase Kristiansen's stock was an executory contract which Elegant may reject in the Bankruptcy Court. The question of what constitutes an executory contract under Section 365(a) is an issue of bankruptcy law, not of state law. It is not an issue the state court can decide. However, it is vulnerable to the motion to dismiss for other reasons.

■ To begin with, to give the name "contract" to the obligation arising from the exercise of a statutory election to arrest the judicial dissolution of a corporation by purchasing the petitioning stockholders' shares is to do gross violence to common understanding. Elegant's obligation to purchase the shares of Kristiansen arose from Elegant's unilateral act, not from an exchange of promises or performance; it is a statutory creation and not generated by contract.

■ Even if the debtor could pass that hurdle, it is clear that its obligation to pay money, which is all that remains for the debtor to perform, cannot be deemed any longer to be "executory". *In re Grayson-Robinson Stores, Inc.,* 321 F.2d 500, 502 (2d Cir.1963); *In re THC Financial Corp.,* 686 F.2d 799, 804 (9th Cir.1982); *In re Newcomb,* 744 F.2d 621 (8th Cir.1984); *Collier on Bankruptcy,* § 365.02. A contract that is no longer "executory" cannot be rejected in bankruptcy.

Although the motion to dismiss did not in terms seek dismissal for failure to state a cause of action, but invoked only Section 1334, the oral argument was broad enough to encompass the ruling the Court is now making. To require a new motion to dismiss for failure to state a cause of action, would elevate form over substance.

■ Before concluding, reference should be made to a point to which the debtor has attached great importance. The debtor finds in the language of several of the subcategories in 28 U.S.C. § 157(b)(2) describing what "core proceedings include" language which covers the action it is now bringing against Kristiansen. The debtor says that 28 U.S.C. § 157(b)(2)(O), which puts within core proceedings "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship" covers its present action. But whether or not the pending action is a "core proceeding" is not, in the view of this Court, decisive with respect to the issue of abstention. It is true that the division of proceeding before the bankruptcy court into core and non-core was, like the adoption of 28 U.S.C. § 1334 itself, designed to meet some of the constitutional problems explored in *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), but the solutions are not necessarily symmetrical. The fact that a matter may be a core proceeding does not preclude abstention where such abstention is otherwise appropriate. Equally, that a matter is non-core does not mandate abstention.

To put it another way, 28 U.S.C. § 1334 mediates between the state and federal courts, sitting in bankruptcy; 28 U.S.C. § 157 demarcates the area of responsibility between the district and bankruptcy judges. Abstention relates to the entire federal bankruptcy jurisdiction, core and non-core.

### The Motion for Relief from Stay

What has been said to this point disposes of the motion to abstain. There remains the request for relief from the automatic stay so that the state court can proceed to enter judgment against the debtor. 11 U.S.C. § 362 authorizes the Court to grant relief from the automatic stay "by terminating, anulling, modifying or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest ..." There is no question here of "adequate protection" since entry of the judgment will not give Kristiansen, any better, or different, position from what he has now. The only question, therefore, is whether there is "cause" here to lift the stay.

■ Cause exists by virtue of the necessity for resolving, before this present reorganization proceeding can be brought to a conclusion, the amount of money owed Kristiansen by the debtor as a result of the debtor's election to purchase Kristiansen's stock. The magnitude of that obligation has been the subject of extensive hearings by the state court. For this Court to try to duplicate that effort would be a waste of the resources of this Court and of the parties. Such duplication can be avoided by permitting a judgment to be entered subject to whatever rights of appeal the debtor may have to canvass in the state court whether the election was proper or whether it can be rescinded on the ground of mistake of fact and/or law.

Elegant's attorney opposes lifting the stay, pointing out that the debtor would not wish to leave a judgment of nearly half a million dollars unappealed and that prosecuting the appeal will consume energies and resources that the debtor needs for its reorganization.

But the appeal need not necessarily cost the debtor anything. Nardone and Terranova are united in interest with Elegant and any ground of appeal open to the debtor is likewise available to them and will undoubtedly be pressed.

At the trial held in the state court, no attorney is named as appearing for Elegant. Moreover, Referee Canudo at one point says: "The petitioner here is Erling C. Kristiansen. The respondents are Norbert Nardone and William J. Terranova. There are no other parties." Equal participation in the appeal should not, therefore, strain the resources of the debtor.

The entry of judgment against Elegant does not preclude challenge on bankruptcy grounds to Kristiansen's claim as for exam-

ple that it involved a fraudulent conveyance or a preferential transfer or should be equitably subordinated to the claims of other creditors. Permitting the judgment to be entered in the state court will decide only one critical fact: what did Elegant owe Kristiansen at the time Elegant filed in Chapter 11.

## CONCLUSION

For the foregoing reasons, the Court is disposing of the pending motions as follows:

(1) The motion to abstain is granted as to the first and third causes of action of the adversary complaint; it is denied as to the second cause of action. The second cause of action is dismissed for failure to state a claim; the other two causes of action are dismissed pursuant to the decision to abstain.

(2) the motion for relief from stay is granted, except that the judgment lien arising from entry of the judgment shall not be deemed to give Kristiansen any different, or better, position as against the debtor's other creditors than he had on the day Elegant filed for relief under Chapter 11 and the lien arising from such judgment shall not be deemed a burden on any of the property of the estate unless, and until, the estate reverts to the debtor following confirmation of a plan of reorganization.

Settle judgment on notice.