**In the Matter of FIRST LANDMARK DEVELOPMENT CORPORATION, Debtor.**

**FIRST LANDMARK DEVELOPMENT CORPORATION, Plaintiff,**

v.

**CITY OF PINELLAS PARK, Defendant.**

**Bankruptcy No. 84–1041–Bk–T. Adv. No. 84–338.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 17, 1985.

Robert K. Eddy, Tampa, Fla., for plaintiff.

Eric P. Berezin, Tampa, Fla., for defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS ON MOTION TO ABSTAIN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 Reorganization case and the matter under consideration is a Motion for Mandatory Abstention or, in the Alternative, to Dismiss Plaintiff's Complaint filed by the City of Pinellas Park, the defendant in the above-styled adversary proceeding. The Defendant seeks the entry of an Order of Abstention pursuant to 28 U.S.C. § 1334(c)(2) or, in the alternative, an Order dismissing the Debtor's Complaint.

The Complaint consists of two Counts. In Count I, the Debtor seeks both declaratory and injunctive relief based upon conduct of Pinellas Park who allegedly refused to re-issue building permits and refused to recognize the validity of the Debtor's master site plan. Count II realleges the facts set forth in Count I and seeks an award of money damages.

It is the contention of Pinellas Park that none of the allegations require a resolution of any Bankruptcy issues, nor does the Debtor seek any relief under the Bankruptcy Code. Rather, it is contended that the issues raised in the Complaint involve only state law questions which require interpretation of local ordinances and state statutes. Therefore, so contends the Defendant, the proceeding is not a "core" proceeding as the term is defined by 28 U.S.C. § 157(b)(2), but rather, a "related" matter over which this Court has no jurisdiction to enter a final dispositive order without consent of the Defendant. The Defendant claims that this Court is merely empowered to make proposed findings of fact and conclusions of law for the District Court's consideration, as required by 28 U.S.C. § 157(c)(1), and cannot enter a final dispositive order.

The Motion under consideration was filed pursuant to 28 U.S.C. § 1334(c)(2) which provides in pertinent part:

§ 1334 Bankruptcy cases and proceedings

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action ... the District Court shall abstain from hearing such proceeding *if an action is commenced,* and can be timely adjudicated, in a State forum of appropriate jurisdiction ... (emphasis supplied)

The initial inquiry must be addressed to the question of whether or not this Court, by virtue of the general reference issued by the District Court pursuant to 28 U.S.C. § 157, may consider the Motion at all, or, whether the Motion should be filed in and acted upon by the District Court, in the first instance. After the enactment of the Bankruptcy Amendment and Federal Judgeship Act of 1984 (BAFJA), the Rules adopted in this District set forth a procedure to handle motions seeking withdrawal of a reference and a procedure to deal with "related" proceedings. Unfortunately, due to conditions which required action without delay, the Rules, drafted in haste, failed to include a procedure for the treatment of motions seeking abstention pursuant to 28 U.S.C. § 1334(c)(2). The Rules adopted by the Bankruptcy Judges of this District provide, that a motion to withdraw reference must be filed with the Clerk of the Bankruptcy Court and shall be transmitted to the District Court for ultimate resolution. However, the Rules also provide that "non-core" proceedings may be heard in the Bankruptcy Court, but absent written consent, the Bankruptcy Court is only authorized to submit proposed findings of fact, conclusions of law and a proposed order or judgment to the District Court for final dispositive action.

█ It is clear that a Motion to Withdraw the reference must be initially presented and considered by the Court which issued the reference, i.e. the District Court. However, it is the opinion of this Court that it is proper for the Bankruptcy Court to consider initially the Motion to abstain based on the order of general reference. Because the proceeding is not a "core" proceeding, this Court's involvement should, however, be limited to the submission of proposed findings and conclusions to the District Court and any final dispositive order should be entered by the District Court. This approach is fully justified in this Court's view, especially in light of the fact that a decision to abstain is not reviewable by appeal, or otherwise, and under the jurisdictional scheme of BAFJA it would be anomolous, indeed, for this Court to enter an order which is non-appealable.

█ Considering the merits of the Motion, this Court is satisfied that the controversy presented represents a pure state law·matter and in no way involves Federal Bankruptcy law. However, the difficulty with this particular motion is caused by 28 U.S.C. § 1334(c)(2), which states that the mandatory abstention does not come into play unless the action involved has already been commenced in a non-bankruptcy forum and can be timely adjudicated there. In this case, there is nothing in the record to show that a state court action has been commenced, although it appears that the Debtor has an application pending with the City of Pinellas Park for the reissuance of a building permit.

Based on the foregoing, it appears that the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) is inapplicable. This leaves for consideration the applicability, vel non, of the discretionary abstention provision set forth· in 28 U.S.C. § 1334(c)(1), which permits a District Court to abstain "... in the interest of justice, or in the interest of comity with State courts or respect for State law ..." 28 U.S.C. § 1334(c)(1).

█ There is no question that the principle of comity with State courts is not involved inasmuch as the record reveals there is no action pending in a State court. It is equally clear, however, that the issues raised in this proceeding involve only the

interpretation of State law and local ordinances. Moreover, it appears from the record that there are administrative procedures available to this Debtor under local law which have not been invoked by the Debtor, let alone exhausted.

In accordance with the foregoing, it is recommended that the U.S. District Court enter an Order in accordance with the foregoing.