In the Matter of SHELL MATERIALS, INC., Debtor.

SHELL MATERIALS, INC., Plaintiff,

v.

FIRST BANK OF PINELLAS COUNTY, Defendant.

Bankruptcy No. 84–1710.
Adv. No. 84–331.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 11, 1985.

Albert I. Gordon, Tampa, Fla., for plaintiff.

Don M. Stichter, Tampa, Fla., Bruce Marger, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION FOR ABSTENTION, MOTION FOR DETERMINATION OF NATURE OF PROCEEDING AND MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the immediate matters under consideration are three separate motions filed in the above-styled adversary proceeding. The Motions include a Motion for Abstention and a Motion for Determination of Nature of Proceeding filed by the Defendant, First Bank of Pinellas County (Bank) and a Motion for Summary Judgment filed by Shell Materials, Inc. (Debtor).

The adversary proceeding involves a Complaint filed by the Debtor in which the Debtor sets forth various claims in several Counts. Count I relates to a note in the amount of $487,500 and mortgage which were executed by the Debtor on October 20, 1982. The Debtor now seeks a determination that the mortgage violates § 695.05 of the Florida Statutes; that the annual payments shall be extended until October 20, 1993; and that all interest be forfeited. Count II claims a violation of § 687.071, Florida Statutes and seeks a total forfeiture of a $500,000 note and mortgage executed on April 1, 1982 based on the allegation that the loan is usurious. Count III is based on 12 U.S.C. § 1972 and seeks an award of treble damages for injury to business and property. Count IV attacks the October 20 note as usurious and violative of § 687.071 Florida Statutes. Finally, in Count V the Debtor alleges violation of 12 U.S.C. § 1975 and again seeks an award of treble damages for illegal tying arrangements.

The Bank's Motion for Determination of Nature of Proceeding is based on 28 U.S.C. § 157(b)(3) which provides that the Bankruptcy Court shall on motion of a party in interest, determine whether a proceeding is a core proceeding or a proceeding which is otherwise related to a case under Title 11. This Section also states that "[a] determination that the proceeding is *not* a core proceeding shall not be made solely on the basis that its resolution may be affected by state law." 28 U.S.C. § 157(b)(3). Inasmuch as the Motion for Abstention is closely tied to the Motion for Determination of Nature of Proceeding, it is appropriate to consider first, the question of abstention.

Section 157(b)(2) of Title 28 sets forth certain general definitions of core proceedings. Section 157(b)(2)(A) provides that core proceedings include matters concerning the "administration of the estate." Section 157(b)(2)(D) provides an "umbrella" definition by including "proceedings affect-

ing the liquidation of assets of the estate" or "the adjustment of the debtor-creditor or equity security holder relationship." Section 157 also sets forth specific matters which are considered core proceedings such as § 157(b)(2)(K) which states that proceedings to determine the validity, extent or priority of liens are core proceedings.

In the instant matter, Counts I, II and IV relate to the claim of the Debtor that certain notes and mortgages are invalid and unenforceable. There is hardly any doubt that these claims involve a question which not only concerns the administration of the estate and the liquidation of assets, but also the determination of the extent and validity of certain liens. This being the case, there is no doubt that these Counts are core proceedings which this Court has full jurisdiction by virtue of a general and unconditional reference heretofore entered by the District Court pursuant to 28 U.S.C. § 157. It is equally clear, however, that Counts III and V, both of which seek treble damages based on alleged violations of Federal law, do not involve a core proceeding, but are clearly "related to" a Title 11 case over which this Court's jurisdiction is limited. That is, absent consent of the parties, this Court cannot enter a final dispositive order but must submit proposed findings of fact and conclusions of law to the District Court for final disposition. Ordinarily, the discretionary abstention provision of 28 U.S.C. § 1334(c)(1) might be appropriate, however, in this case because Counts III and V are inextricably interwoven with Counts I, II and IV, this Court is of the opinion that judicial economy compels the conclusion that the Motion for Abstention should be denied.

This leaves for consideration the question of whether or not this Court may enter a dispositive order on the Motion for Abstention or is limited to merely make a recommendation to the District Court. Admittedly, there is dearth of authority interpreting the precise perimeters of this Court's power derived from the order of general reference.

In light of the Legislative History of the Bankruptcy Amendments and Federal Judgeship Act of 1984, it is the opinion of this Court that Congress intended that all matters relating to Bankruptcy, both cases and proceedings, should be handled by the Bankruptcy Court unless the matter under consideration requires the initial involvement of the District Court. While it is logical that a Motion to Withdraw Reference should be considered initially by the Court which granted the reference, there is no such consideration present in the case of a Motion for Abstention.

Based on the foregoing, this Court is satisfied that there exists no Constitutional impediment to the entry of dispositive orders by this Court on a Motion to Abstain and the District Court shall be involved only in the event that the party aggrieved by the Order shall timely file a Notice of Appeal. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Determine Nature of Proceeding be, and the same hereby is, granted and the claims set forth in Counts I, II and IV are determined to be core proceedings. Counts III and V be, and the same hereby are, determined to be matters related to a case under Title 11. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain filed by the Debtor be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that a hearing on the Motion for Summary Judgment filed by the Debtor be, and the same hereby is, scheduled to be heard before the undersigned on March 13, 1985 at 11:30 a.m. in Room 703, 700 Twiggs St., Tampa, Florida.