In re EXCELITE
CORPORATION, Debtor.

EXCELITE CORPORATION, Plaintiff,

v.

CUSTOM VANITIES, INC., Defendant.

Bankruptcy No. A84–03782–WHD.
Adv. No. 85–0140A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 5, 1985.

Neil C. Gordon, Macey & Sikes, Atlanta, Ga., for plaintiff.

Paul W. Bonapfel, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On March 5, 1985, the debtor in possession, Excelite Corporation ("Excelite"), commenced the above-referenced adversary proceeding to collect post-petition accounts receivable in the principal amount of $31,162.05. This case is before the Court on two motions filed on April 4, 1985 by the defendant, Custom Vanities, Inc. ("CVI"). The first motion requests that the Court abstain from exercising jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2). The second motion requests that the Court dismiss the adversary proceeding for improper venue or, alternatively, transfer venue to the United States Bankruptcy Court for the Northern District of Florida. These motions are addressed in seriatim.

## ABSTENTION

Jurisdiction over the adversary proceeding is vested in this Court pursuant to 28 U.S.C. §§ 1334(b), 151, 157(a); Standing Order of the United States District Court for the Northern District of Georgia dated July 12, 1984. *See In re Butcher,* 46 B.R. 109, 111 (Bankr.N.D.Ga.1985). The constitutionality of this jurisdictional scheme, as implemented by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (July 10, 1984), has been upheld by all courts to consider the issue. *In re Tom Carter Enterprises,* 44 B.R. 605, 12 BCD 536, 538 (C.D.Cal.1984) (constitutionality of order of reference with respect to core proceedings upheld); *In re WWG Industries, Inc.,* 44 B.R. 287, 12 BCD 752, 753 (N.D.Ga.1984) (constitutionality of order of reference with respect to noncore proceedings upheld); *In re DeLorean Motor Co., (Allard v. Benjamin, et al.)* Case No. 82-06031-G (Adv. Proc. 84-0132-G) (Bankr.E.D.Mich., May 13, 1985). *See also In re Lorren,* 45 B.R. 584, 12 BCD 549, 550 (Bankr.N.D.Ala.1984); *In re Lion Capital Group,* 46 B.R. 850, 12 BCD 840, 845 (Bankr.S.D.N.Y.1985). Nevertheless, CVI argues that the Court should abstain from exercising jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2).

Clearly, Excelite's complaint arises under state law. The mandatory abstention provision, 28 U.S.C. § 1334(c)(2), states that:

Upon timely motion of a party in a proceeding based on a State law claim or a State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is timely commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

28 U.S.C. § 1334(c)(2). This section was enacted by the Bankruptcy Amendments

and Federal Judgeship Act of 1984, Pub. L. No. 98–353, 98 Stat. 333 (July 10, 1984). However, the elements of this section have not literally been satisfied, inasmuch as there is no action pending in a state forum of appropriate jurisdiction. Therefore, CVI's argument for mandatory abstention is without merit.

## CHANGE OF VENUE

CVI asserts that the venue of this adversary proceeding is improper in the United States Bankruptcy Court for the Northern District of Georgia. Alternatively, CVI contends that the adversary proceeding should be transferred to the United States Bankruptcy Court for the Northern District of Florida pursuant to 28 U.S.C. § 1412 "in the interest of justice or for the convenience of the parties." For the reasons set forth below, neither argument is persuasive.

There is no dispute that Excelite's cause of action against CVI arose post-petition and that venue is governed by 28 U.S.C. § 1409(d), which states as follows:

A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, *under applicable nonbankruptcy venue provisions,* an action or claim may have been brought.

28 U.S.C. § 1409(d) (emphasis added). The issue before the Court is whether venue would lie in a state or federal court located in the Northern District of Georgia under nonbankruptcy venue provisions.

Excelite contends that this adversary proceeding could have been filed as a lawsuit in the United States District Court for the Northern District of Georgia in a non-bankruptcy context. Excelite is a Georgia corporation which maintains its principal place of business in Atlanta, Georgia. CVI, on the other hand, is a Florida corporation which maintains its principal place of business in Panama City, Florida. Indeed, the requisites of federal diversity jurisdiction under 28 U.S.C. § 1332(a) have been satisfied, both as to the diversity between the parties and the amount in controversy.

■ With respect to a lawsuit filed in the United States District Court whose jurisdiction is based solely upon diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). This provision states that venue is proper "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). Because Excelite is the sole plaintiff and is a resident of the Northern District of Georgia, the instant adversary proceeding is appropriately situated in the Northern District of Georgia.

■ CVI's alternative argument is that the adversary proceeding should be transferred to the United States Bankruptcy Court for the Northern District of Florida pursuant to 28 U.S.C. § 1412, which authorizes the transfer of venue to another forum "in the interest of justice or for the convenience of the parties." However, there is nothing in the record to support CVI's allegations concerning the relative interest of justice and the convenience of the parties.

■ The burden of proving that a transfer of venue is appropriate pursuant to 28 U.S.C. § 1412 falls upon the moving party. *In re Butcher,* 46 B.R. 109, 112 (Bankr.N.D.Ga.1985); *In re Nixon Machinery Co.,* 27 B.R. 871, 872 (Bankr.E.D.Tenn.1983); *In re Whippany Paper Board Co., Inc.,* 15 B.R. 312, 317 (Bankr.D.N.J.1981); *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bankr.D.Utah 1980). In light of the barren record in this case, CVI has failed to carry its burden of proof regarding the transfer of venue.

## CONCLUSION

On the basis of the foregoing, CVI's motion to abstain and motion for transfer of venue shall be and are hereby DENIED in all respects.

IT IS SO ORDERED.