**In re Don J. BAUMGARTNER, Debtor.**

**Don J. BAUMGARTNER, Plaintiff,**

**v.**

**Barbara A. BAUMGARTNER, Defendant.**

**Bankruptcy No. 85–0148.**

**Related Case No. 85–00435.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 14, 1986.

Michael N. Vaporis, Toledo, Ohio, for plaintiff.

Suzanne Cotner Mandross, Lawrence Gibson, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Complaint filed by the Debtor-In-Possession in the above entitled adversary action. The Court conducted a Pre-Trial Conference, at which the parties agreed that the issues addressed by the Complaint are solely issues of law, and that the Court may render a decision in this case based upon the written arguments of counsel. The parties have submitted such arguments and have been afforded the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that it should abstain from considering the merits of this case, and that the case should be DISMISSED.

### FACTS

The facts in this case do not appear to be in serious dispute. The Plaintiff is an individual Chapter 11 Debtor in the underlying bankruptcy proceeding. The Defendant is his wife. The parties were married on June 27, 1966. Prior to the consummation of that marriage, the parties entered into a prenuptial agreement, whereby the Defendant agreed in the event of a divorce she would accept the sum of Fifteen Thousand and no/100 Dollars ($15,000.00) as her sole claim against the Debtor-In-Possession. All other claims against the Debtor-In-Possession would be forfeited. On July 16, 1984, the Defendant filed a Complaint for Divorce in the Lucas County Court of Common Pleas, Domestic Relations Division. As a part of those proceedings, the Court was asked to determine the validity of the prenuptial contract. Towards that end, the Domestic Relations Court allowed the parties to present evidence and submit arguments regarding their respective positions on that issue. After considering those arguments, the Domestic Relations Court appears to have rendered an oral opinion which found the prenuptial agreement to be unenforceable. However, it does not appear that the Court's finding was reduced to a judgment entry and entered on the Court's dockets in that case.

The Debtor-In-Possession filed his voluntary Chapter 11 Petition with this Court on March 26, 1985. The schedules filed with that Petition list the Defendant as an unsecured creditor with a claim of Fifteen Thousand and no/100 Dollars ($15,000.00) as the result of the prenuptial agreement. The Complaint in this case seeks a determination as to the validity of the prenuptial contract for purposes of the bankruptcy proceeding. The Defendant argues that this Court should abstain from making such a determination in light of the fact that the Domestic Relations Court has already considered that issue. The Debtor-In-Possession opposes that position and asserts that the Bankruptcy Court is the proper forum in which to determine the validity and extent of the Defendant's claim. It should be noted that the parties have only argued the issue of abstention and have not addressed the merits of the issue as to the enforceability of the prenuptial agreement.

### LAW

### I

This Complaint was brought pursuant to the provisions of Bankruptcy Rule 7001 which states in pertinent part:

An adversary proceeding is governed by the rules of this Part VII. It is a proceeding in a bankruptcy court ... to determine the validity, priority, or extent of a lien or other interest in property ...

It appears that the Debtor-In-Possession intended to utilize this proceeding for determining what interest, if any, the prenuptial agreement affords the Defendant in property of the estate. However, the filing of a complaint under Rule 7001 assumes that the Defendant has more of an interest than just a claim against the estate. A review of the schedules reflects that the property of the estate is primarily owned

by the Debtor-In-Possession individually and is not jointly owned with his wife. Furthermore, it does not appear that the Domestic Relations Court issued, prior to the filing of the Debtor-In-Possession's Petition, a decision as to any division of property between the parties. Therefore, it does not appear as though the Defendant has any vested interest in property of the estate. In light of these facts it appears that this litigation is actually in the nature of a determination as to validity and extent of the Defendant's claim. Although the provisions of Bankruptcy Rule 7001 do not provide for the determination of a claim under the auspices of an adversary proceeding, the parties have had the opportunity to argue the issues which are to be considered at this time. Accordingly, the Court will consider the issues without regard to the procedural defects. *See, Unsecured Creditors Committee v. Farmers Savings Bank (In re Toledo Equip. Co.)*, 35 B.R. 315 (Bkcy.N.D.Ohio 1983).

## II

The provisions of 28 U.S.C. Section 1334(a) state in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11 ...

Under this provision, the District Court is given original and exclusive jurisdiction of all cases which are brought under Title 11 of the United States Code. Once jurisdiction has been established, the case, all proceedings arising under Title 11, and all proceedings arising in or related to the case may be referred to the Bankruptcy Court for the District. *See,* 28 U.S.C. Section 157(a). In the Northern District of Ohio, this was accomplished by General Order of the District Court on July 16, 1984. *See,* General Order No. 84. Once in the Bankruptcy Court, the Bankruptcy Judge may hear and determine all cases and core proceedings which arise under Title 11. See, 28 U.S.C. Section 157(b)(1). This would include the allowance and disallowance of claims. *See,* 28 U.S.C. Section 157(b)(2)(B). Therefore, in view of issues to be adjudi-

cated in this case, it would initially appear that the Bankruptcy Court would be the proper forum in which to determine the validity of the Defendant's claim.

■ However, the Court must also take notice of the provisions of 28 U.S.C. Section 1334(c) which state in pertinent part:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 ... or arising in or related to a case under title 11 ...

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 ... but not arising under title 11 ... or arising in a case under title 11 ... with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

Under these provisions the Court may abstain from hearing a proceeding which arises in a case under Title 11 if abstention would be in the interests of justice or comity with State Courts. The Court is required to abstain from hearing a state law claim that arises during the course of a case under Title 11 if the claim could not be litigated in the District Court in the absence of the jurisdiction conferred by Title 11, if a proceeding has already been commenced in a State Court, and if the claim can be timely adjudicated in the State Court. *Cooper v. Coronet Ins. Co. (Matter of Boughton)*, 49 B.R. 312 (Bkcy.N.D. Ill.1985).

## III

In determining whether the Court should or is required to abstain from hearing this

adversary case, it must first be determined whether or not the Bankruptcy Court is authorized to act pursuant to 28 U.S.C. Section 1334(c). This determination is required as a result of the language of that section which states that "Nothing in this section prevents a district court ... from abstaining ...", and "... the district court shall abstain...".

Subsequent to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L.98–353, 98 Stat. 333 (1984) this Division of the Northern District of Ohio adopted a procedure for the handling of motions for withdrawal of reference. This adoption was made necessary by the absence of any procedure or procedural guidance within the Act itself. It was also necessary in light of the fact that the provisions allowing a withdrawal of reference, 28 U.S.C. Section 157(d), state that "The district Court may withdraw, in whole or in part, any case or proceeding referred under this section ... for cause shown." It was the belief of those responsible for the rule's adoption that the language of 28 U.S.C. Section 157(d) should be accepted at face value, and that only the District Court was empowered to withdraw the reference of a case to the Bankruptcy Court. It appears that other Districts have employed a similar interpretation. *See, First Landmark Development Corp. v. City of Pinellas Park (Matter of First Landmark Development Corp.)*, 51 B.R. 25, 13 B.C.D. 391 (Bkcy.M.D.Fla.1985).

*In First Landmark Development Corp. v. City of Pinellas Park*, supra, the Bankruptcy Court indicated that it considered it proper to have a motion for abstention first considered in the Bankruptcy Court pursuant to the general referral of the bankruptcy case to the Bankruptcy Court. However, because of the fact that an order of abstention is not appealable, and because of the fact that the language of 28 U.S.C. Sections 1334(c) and 157 appears to contemplate that the District Court should enter any dispositive order in "non-core" proceedings, the Court would only submit recommendations to the District Court on the issue of abstention. The Court indicated

that this procedure would be consistent with that followed in other non-core matters, wherein the Court is required to submit to the District Court proposed findings of fact and conclusions of law. *See also, Nanodata Computer Corp. v. Kollmorgan Corp. (In re Nanodata Computer Corp.)*, 52 B.R. 334 (Bkcy.W.D.N.Y.1985).

While it may appear that the approach taken in *First Landmark* is reasonable, a review of case authority finds that other Courts do not share the same opinion. In those cases, the Bankruptcy Courts have readily accepted argument on the issue of abstention and have rendered decisions thereon. *See, In re Keyco, Inc.*, 49 B.R. 507, 13 B.C.D. 25 (Bkcy.E.D.N.Y.1985), *McRae Fire Protection, Inc. v. Joseph Davis, Inc., (Matter of McRae Fire Protection, Inc.)*, 49 B.R. 773, 13 B.C.D. 57 (Bkcy. E.D.Mich.1985), *Allard v. Benjamin (In re DeLorean Motor Co.)*, 49 B.R. 100, 13 B.C.D. 60 (Bkcy.E.D.Mich.1985), *Cotton v. Shirah (In re All American of Ashburn, Inc.)*, 49 B.R. 926, 13 B.C.D. 93 (Bkcy.N.D. Ga.1985), *Excelite Corp. v. Custom Vanities, Inc. (In re Excelite Corp.)*, 49 B.R. 923, 13 B.C.D. 96 (Bkcy.N.D.Ga.1985), *Braucher v. Continental Illinois National Bank & Trust Co. of Chicago (In re Illinois-California Express, Inc.)*, 50 B.R. 232, 13 B.C.D. 153 (Bkcy.D.Col.1985), *Shell Materials, Inc. v. First Bank of Pinellas County (Matter of Shell Materials, Inc.)*, 50 B.R. 44, 13 B.C.D. 185 (Bkcy.M.D.Fla. 1985), *Cameron v. Anderson (In re American Energy, Inc.)*, 50 B.R. 175, 13 B.C.D. 200 (Bkcy.D.N.D.1985). Although all but one of these decisions did not address the issue of whether a Bankruptcy Court may entertain abstention matters under 28 U.S.C. Section 1334(c), it is important to note that they all acted pursuant to that section despite the language contained therein. In *Shell Materials, Inc. v. First Bank of Pinellas County*, supra, the Court specifically addressed the issue of its authority under Section 1334(c). In its opinion, the Court reasoned that because the logic which requires a motion for withdrawal of reference to be handled by the Dis-

trict Court is not applicable to motions for abstention, Bankruptcy Courts may make dispositive orders regarding abstention issues.

■ In view of the foregoing discussion and upon review of the jurisdictional provisions of 28 U.S.C. Sections 1334 and 157, it must be concluded that the Bankruptcy Court is authorized to hear issues of abstention which arise pursuant to 28 U.S.C. Section 1334(c). This conclusion is based upon the fact that, in the absence of a withdrawal of reference, all matters are referred to the Bankruptcy Court by the General Order of Reference. Once in the Bankruptcy Court, that Court is authorized to act in almost all facets of the case until reference is withdrawn.

While it is true that the Bankruptcy Court must submit proposed findings of fact and conclusions of law to the District Court in non-core proceedings, *see*, 28 U.S.C. Section 157(c), it should be noted that this is a procedure which is specifically set forth by the statute and which is limited to non-core proceedings. The apparent purpose of this procedure was to provide the parties with the opportunity to have their state law claims heard by an Article III Court. Abstention is not an issue which adjudicates a person's state law claim. It is only a determination as to forum in which the claim will·be heard. Therefore, the purpose which underlies the submission of proposed findings of facts and conclusions of law would not be served by following the same procedure in abstention matters.

Furthermore, it should be noted that the provisions of 28 U.S.C. 157(d) provide for the withdrawal of reference of any matter which has been referred to the Bankruptcy Court. If a party wishes to have an abstention matter heard by an Article III Court, that party should ask to have the reference of that case to the Bankruptcy Court withdrawn to the District Court. If the party does not so wish, then the Bankruptcy Court should be able to enter dispositive orders on abstention issues. To hold otherwise would subject cases and ad-

versary proceedings to fragmentation and delay. Such possibilities are not consistent with the goal that a case be administered in an efficient fashion, nor do they promote the interests of the parties involved. Therefore, it must be concluded that the Bankruptcy Court is not required to submit recommendations to the District Court on matters of abstention, and that it may enter dispositive orders on such issues when they are raised.

### IV

Having determined that the Court may hear matters of abstention under 28 U.S.C. Section 1334(c), the Court must next determine whether abstention should be exercised in this case. In the present case, it has already been shown that the merits of this case address issues which will substantially determine the extent of the Defendant's claim against the estate. The claim relates to the proceedings which have been initiated under Title 11 and arise as the result of a prenuptial contract and a contract of marriage. Such claims are clearly made pursuant to State law and could not be litigated in the District Court in the absence of the Debtor-In-Possession's Chapter 11 Petition. Furthermore, an action on those claims was initiated prior to the filing of the Debtor-In-Possession's Petition and was in such a procedural posture that the only act which remained to be accomplished was the journalization of an entry by the State Court.

■ Given these facts, it appears that the best course for the Court follow would be to abstain from hearing any further matters in this action. As outlined above, all of the factors contained in 28 U.S.C. Section 1334(c)(2) are present. The Court recognizes that the provisions of the section indicate that the issue of mandatory abstention should be raised by a motion of a party in the proceeding. However, despite the fact that the parties have not made such a motion, they have argued the issue of abstention as though a motion had been filed. If the Court did not decide the issue of abstention solely on the basis that

a motion had not been filed, it is likely that such a motion would be filed and the Court would then be required to consider the issue at a later time. To require the actual filing of a motion would be placing form over substance and would not be consistent with the interest of reaching an expeditious resolution to this case. Therefore, it must be concluded that the provisions of 28 U.S.C. Section 1334(c)(2) are applicable in this adversary case, and that the Court should abstain from determining the validity of the Defendant's prenuptial agreement.

Notwithstanding the applicability of 28 U.S.C. Section 1334(c)(2), it appears that discretionary abstention under 28 U.S.C. Section 1334(c)(1) is also proper. As previously indicated, the enforceability of the prenuptial agreement is a matter which revolves around state law. Such matters clearly fall within the expertise of the Domestic Relations Court. In addition, that Court has already heard the merits of the issue which the Plaintiff attempts to bring before this Court. Furthermore, it appears that the Domestic Relations Court has reached some conclusion in those matters. If this Court were not to abstain from hearing the merits of the Complaint, it could result in inconsistent findings as to the validity of the agreement, thereby placing the parties in a position which would further complicate the administration of the estate. On the other hand, by abstaining, the Court would be deferring matters of state law to the State Court and would be taking advantage of the fact that the matter has already been heard. Abstention would not complicate the administration of the estate, inasmuch as the determination only affects the Defendant's claim and does not immediately jeopardize property of the estate. Therefore, since it appears that abstention will serve the interests of comity with the State Courts and will not adversely affect the administration of the estate, it must be concluded that the Court should decline from hearing the merits of this case at this time.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that this case be, and is hereby, DISMISSED WITHOUT PREJUDICE.