In re MARTIN SPECIALTY VEHICLES, INC., M.S.V., Inc., Debtors.

M.S.V., INC., Martin Specialty Vehicles, Inc., Carole Martin, Thomas Strahs, Plaintiffs,

v.

BANK OF BOSTON—WESTERN MASSACHUSETTS, N.A., Defendant.

Bankruptcy Nos. 86–40095, 86–40096. Adv. No. 86–4012.

United States Bankruptcy Court, D. Massachusetts.

March 11, 1987.

---

David Nickless, Fitchburg, Mass., for debtors.

Maurice M. Cahillane, Springfield, Mass., for Bank of Boston—Western Massachusetts, N.A./defendant.

## MEMORANDUM

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

The matters before the Court are a motion by the plaintiffs in the above-captioned proceeding (the "Plaintiffs") to remove and consolidate a similar state court proceeding with this adversary proceeding, and a motion by the defendant (the "Bank") to abstain from hearing the adversary proceeding. For the reasons stated herein, the Court denies the Defendant's motion to abstain from hearing all but three of the counts in the complaint as brought by all but one of the Plaintiffs.

## I. FACTS

M.S.V., Inc. and Martin Specialty Vehicles, Inc. are two corporations engaged in the business of designing and constructing specialized vehicles, such as custom vans. M.S.V., Inc. ("M.S.V."), is a Massachusetts corporation owned primarily by two individuals, Carole Martin ("Martin") and Thomas Strahs ("Strahs"). Martin Specialty Vehicles, Inc. ("Specialty") is a New Hampshire Corporation wholly owned by Martin. Both corporations operate in Massachusetts, and are Chapter 11 debtors before this Court. Martin more recently filed a Chapter 13 petition with this Court. The corporations, Martin, and Strahs are co-plaintiffs in this proceeding.

At various times, the Bank has lent to both of the corporations, and to Martin and Strahs as individuals. On January 14, 1986, the Bank took possession of the real estate belonging to one or more of the Plaintiffs located at 867 Boston Road, Springfield, Massachusetts. The Bank also took possession of all of the personal property located on the premises. M.S.V. and Specialty filed bankruptcy petitions on February 18, 1986, one day before the Bank's scheduled auction of the assets.

The Plaintiffs initiated this adversary proceeding on February 19, 1986 with a complaint requesting: turnover of the property seized; a preliminary injunction restraining the Bank from interfering with the Plaintiffs' use and possession of the property; and damages arising from the Bank's actions. The complaint was later amended by leave of the Court to include state law claims for conversion, trespass to chattels and real estate, interference with advantageous business relations, and violation of MASS.GEN.L. ch. 93A. The Plaintiffs have also requested that the Court determine the validity, priority, and extent of liens held by the Bank against the assets of M.S.V. and Specialty. The Plaintiffs further contend that the Bank's bad faith actions bar it from asserting its claim.

The allegations of trespass, conversion, and ch. 93A violations mirror allegations in a pending civil action filed in the state courts by the Plaintiffs against the Bank

before M.S.V.'s, Specialty's, and Martin's bankruptcy petitions. After the amendments to the complaint here, the Bank challenged the Court's subject matter jurisdiction in its answer to the complaint and claimed that the state court was a more appropriate forum because of the pending civil action. The Plaintiffs responded with the motion to remove the state proceeding and consolidate it with this adversary proceeding. The Bank later filed its motion for mandatory abstention.

Both parties have submitted briefs on the motions. The Bank and the Plaintiffs have utilized the bankruptcy court's discovery procedures while the determination of these motions has been pending. Because of a stipulation between the parties permitting the sale of the assets involved, the property in question has been liquidated and the proceeds placed in an escrow account pending the outcome of the parties' dispute.

## II. CORE PROCEEDINGS

■ Our starting point is to sift out the core proceedings from the "related" or non-core proceedings in the complaint. The district court has referred to this Court all proceedings arising under, arising in, and related to cases under Title 11 of the United States Code. *See* 28 U.S.C. §§ 157(a), 1334(a) & (b); *Order Referring Title 11 Cases to Bankruptcy Judges* (D.Mass. July 12, 1984). Core proceedings consist of proceedings arising under or arising in cases under Title 11, but do not include proceedings related to cases under Title 11. *See* 28 U.S.C. § 157(b)(1). Core proceedings include, but are not limited to—

 (A) matters concerning the administration of the estate;

 (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

 (C) counterclaims by the estate against persons filing claims against the estate;

 (D) orders in respect to obtaining credit;

 (E) orders to turn over property of the estate;

 (F) proceedings to determine, avoid, or recover preferences;

 (G) motions to terminate, annul, or modify the automatic stay;

 (H) proceedings to determine, avoid, or recover fraudulent conveyances;

 (I) determinations as to the dischargeability of particular debts;

 (J) objections to discharges;

 (K) determinations of the validity, extent, or priority of liens;

 (L) confirmation of plans;

 (M) orders approving the use or lease of property, including the use of cash collateral;

 (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

 (O) other. proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2). Whether a matter is a core proceeding cannot be determined solely on the basis that the matter's resolution may be affected by state law. 28 U.S.C. § 157(b)(3).

The Plaintiffs have requested that the Court order the turnover of the property to the estate, determine the extent, validity, and priority of the Bank's lien in the property, and equitably subordinate or invalidate the Bank's lien. The turnover and lien determination requests fall squarely within the express terms of §§ 157(b)(2)(E) & (K). The equitable subordination request falls within the general scope of § 157(b)(2)(O). The Bank labels the claims as "specious" and asserts that whether a matter is "core" cannot be determined by the label attached to it. *Taxel v. Commercebank (In re World Financial Serv. Center)*, 64 B.R. 980, 986 (Bankr.S.D.Cal.1986);

*Shafford Cos. v. Curr International Coffees (In re Shafford Cos.)*, 52 B.R. 832, 834 (Bankr.D.N.H.1985). This district has held that any determination of "core" and "non-core" proceedings must be made within the confines imposed by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Arnold Printworks, Inc. v. Apkin (In re Arnold Printworks)*, 61 B.R. 520, 523–24 (D.Mass.1986).

■ We are satisfied that Counts I (turnover), VII (lien determination), and VIII (estoppel/equitable subordination) present no problems under *Marathon*. *Marathon* addressed the issue of whether a non-Article III bankruptcy court could determine a traditional state law contract claim. The plurality held that a bankruptcy court could not constitutionally determine such a claim. Congress after *Marathon* grouped such traditional common law state claims into the category of "related" proceedings. *Arnold Printworks*, 61 B.R. at 523. Related proceedings consist primarily of: (1) state causes of action owned by the debtor which became property of the estate; and (2) suits between third parties which affect the administration of the bankruptcy estate. *Id.* at 523–24.

The Plaintiffs have not attempted to fit a related proceeding into the definition of a core proceeding. The turnover request in Count I is clearly based on § 542 and thus arises under bankruptcy law. The Plaintiffs seek to recover tangible assets, not payments due to them under a contract or payment on claims owned by them as of the petition date. *See Arnold Printworks, supra.* Similarly, the lien determination is a matter arising in the bankruptcy case. Although such a determination will necessarily involve state law questions, Title 11 expressly provides for the determination of the validity of liens and the estimation of disputed claims in sections 502 and 506(d). Determinations of what constitutes property of the estate and how that property should be allocated among the debtor's creditors are the "traditional stuff" of

bankruptcy, not the common law. *See Atlas Fire Apparatus, Inc. v. Beaver (In re Atlas Fire Apparatus, Inc.)*, 56 B.R. 927, 934 (Bankr.E.D.N.C.1986).

The subordination/estoppel claim is also appropriate for resolution by this Court. It has foundation in the Bankruptcy Code and is related to its general purposes. Section 510(c) allows subordination of a claim if the holder of a claim is guilty of inequitable conduct. *See* 124 CONG.REC. H11,095 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards); 124 CONG.REC. S17,412 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini). Equitable subordination of a claim involves principles applicable primarily in bankruptcy. Furthermore, this Court is a court of equity and may hear claims for equitable relief in proceedings arising in or under the case. *See Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir.1986); *Ranch House of Orange Brevard, Inc. v. Gluckstern (In re Ranch House of Orange Brevard, Inc.)*, 773 F.2d 1166, 1169 (11th Cir.1985); *MPM Worldwide Corp. v. Sentinel Telecommunications Systems (In re Sentinel Telecommunications Systems)*, 27 B.R. 795, 799 (Bankr.D.Mass.1983).

We limit these determinations, however, only to M.S.V., Specialty, and Martin, the debtors who have filed petitions with this Court. To the extent that the claims in this suit are brought by Strahs against the Bank, they are related proceedings because those portions of the claims are disputes between third parties. Our determination that Counts I, VII, & VIII are core proceedings apply solely to the disputes of M.S.V., Specialty, and Martin with the Bank.

■ None of the other counts in the Plaintiffs' complaint are core proceedings. The causes of action for trespass, conversion, interference with advantageous business relations, and ch. 93A violations are state tort and state statutory claims owned by the debtors which became property of the estate.[1] The Plaintiffs argue that their relief for these transgressions is dependent on the Court's disposition of the core pro-

1. To the extent that such actions are owned by     Strahs, those portions of the complaint are also

ceedings in this case and therefore are "core" as well. We decline to adopt this theory. This district has adopted a narrow definition of what constitutes a "core proceeding." *Arnold Printworks, supra; Mohawk Industries v. Robinson Industries (In re Mohawk Industries)*, 46 B.R. 464 (D.Mass.1985). Related proceedings do not become core proceedings solely by virtue of the fact that they arise out of the same transaction or occurrence as core proceedings. These causes of action are without question "related" proceedings and therefore cannot fall within the scope of core proceedings. *See* § 157(b)(1) (core proceedings must *arise in* or *arise under* bankruptcy cases).

## III. ABSTENTION

■ If a related, or non-core, proceeding is before a district court, or as here before a bankruptcy court through reference, the court must abstain from hearing the matter on a timely motion for abstention if: (1) the action could not have been brought in the court absent the bankruptcy filing; and (2) the action is commenced in a state court and could be "timely adjudicated" in that forum. *See* 28 U.S.C. § 1334(c)(2). There is no diversity of citizenship here because all the Plaintiffs and the Bank are citizens of Massachusetts. *See* 28 U.S.C. § 1332(c) (a corporation is a citizen of the state in which it incorporates *and* the state in which it has its principal place of business). No federal questions are raised by the Plaintiffs' complaint except for bankruptcy matters. *See* 28 U.S.C. § 1331. Therefore, jurisdiction for the Plaintiffs' state law claims is based solely on the fact that M.S.V., Specialty, and Martin are debtors before this Court.

The trespass, conversion, and ch. 93A counts were initiated in state court before this proceeding. There is no reason why these matters cannot be timely adjudicated in the state proceeding. Although the state court dockets are crowded, the Bank points out that expedited procedures are available to the parties. The parties have taken advantage of the discovery available through this Court, and should be close to readiness for a trial in state court. Finally,

disputes between third parties.

we do not view the Bank's motion to abstain as untimely. It challenged the Court's jurisdiction in its answer in April, and solidified that challenge with its motion to abstain at the hearing on the Plaintiffs' motion to remove the state proceeding to this Court. Because of the foregoing reasons, we are required to abstain from and dismiss Counts II, III, IV, and VI of the Plaintiffs' amended complaint.

We also exercise our discretionary abstention with regard to Count V of the complaint and dismiss that count. *See* 28 U.S.C. § 1334(c)(1). The claim for tortious interference with advantageous business relations is better decided in the state courts along with the other state claims. We also abstain from all the counts as they pertain to Strahs and dismiss him as a plaintiff. His remedies for any act by the Bank are also better left to the state courts. We dismiss all these counts and Strahs as a plaintiff without prejudice.

We retain jurisdiction over Counts I, VII, and VIII as brought by M.S.V., Specialty and Martin. These matters are most appropriate for determination by this Court.

SO ORDERED.