Peter A. Buxbaum, Philadelphia, Pa., Special Counsel for debtor.

Patrick W. Kittredge, Philadelphia, Pa., for defendant.

Janet M. Sonnenfeld, Philadelphia, Pa., Gen. Counsel for debtor.

**In re CONTAINER TRANSPORT, INC., Debtor.**

**CONTAINER TRANSPORT, INC., Plaintiff,**

v.

**SCOTT PAPER COMPANY, Defendant.**

**Bankruptcy No. 87–04424S.**
**Adv. No. 88–0029S.**

United States District Court,
E.D. Pennsylvania.

May 19, 1988.

### ORDER

JOSEPH S. LORD, III, District Judge.

 AND NOW, this 19th day of May, 1988, upon consideration of Report and Recommendations of the United States Bankruptcy Judge of March 25, 1988, it is hereby ORDERED AND DECREED as follows:

1. The Report and Recommendations are ADOPTED by this court.

2. The Defendant's Motion for Abstention is DENIED.

### ORDER

JOSEPH S. LORD, III, District Judge.

AND NOW, this 19th day of May, 1988, upon consideration of Scott Paper Company's Motion for Withdrawal of the Reference of the above-captioned adversary proceeding and the Response thereto, IT IS ORDERED that:

1. The Motion is GRANTED.

2. Pursuant to 28 U.S.C. § 157(d), reference of the above-captioned adversary proceeding is withdrawn, and this matter shall be placed on this Court's civil docket.

3. In all other regards, the reference shall remain in full force and effect.

4. The Clerk of the Court shall forthwith notify the Honorable David A. Scholl of the entry of this Order.

### REPORT AND RECOMMENDATION SUR MOTION FOR ABSTENTION

DAVID A. SCHOLL, Bankruptcy Judge.

■ By agreement of the parties' counsel as to all other issues, only one matter needs to be decided at this juncture in the instant proceeding. That issue is whether an action need be pending in a state court forum at the time that a proceeding is initiated in the bankruptcy court in order for a party to successfully invoke mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2) as to that proceeding. Consistent with all known authority and our proclivity to exercise our jurisdiction over matters related to our bankruptcy cases to expedite their disposition, we hold that the presence of a state court action is a necessary condition to invoke 28 U.S.C. § 1334(c)(2). We shall therefore recommend, pursuant to Bankruptcy Rule (hereinafter referred to as "B.Rule") 5011(b), that the district court shall enter an order denying the abstention motion. Since the filing of this Motion does not stay the administration of this case, we are also issuing a pre-trial order anticipating that we will hear this matter.

The voluntary Chapter 11 case underlying the instant proceeding was filed by the Debtor, CONTAINER TRANSPORT, INC., on September 3, 1987.[1] On January 20, 1988, the Debtor initiated the instant adversary proceeding against SCOTT PAPER COMPANY (hereinafter referred to as "the Defendant"). The Complaint, after de-manding a jury trial, sets forth three causes of action arising out of the Defendant's alleged breach of a contract whereby the Debtor was to haul certain product for the Defendant by truck. The first seeks lost profits for breach of an alleged contract; the second requests damages for the Debtor's acquisition of twenty (20) trailers placed on the Defendant's property in reliance of the Defendant's representations of a future contractual relationship; and the third seeks damages on the ground that the Defendant's agents induced the Debtor to acquire the aforesaid trailers by making false representations.

On February 19, 1988, the Defendant filed the motion for abstention in issue, which came before us for a hearing on the same day as the scheduled trial on the merits of the proceeding, i.e., March 16, 1988. At that time, counsel's stipulations narrowed the issues to but one. The Defendant's counsel indicated that the Defendant relied solely upon 28 U.S.C. § 1334(c)(2), as opposed to 28 U.S.C. § 1334(c)(1) or 11 U.S.C. § 305, as the substantive basis for its motion. The Debtor's counsel, meanwhile, stipulated that the matter was non-core and that all of the requirements for § 1334(c)(2) abstention were met except one: the alleged prerequisite that a state court action be pending prior to the institution of this proceeding. Both parties handed up Briefs on the date of the hearing and presented brief arguments, rendering the matter ripe for prompt disposition on that date.

The pertinent statutory provision, 28 U.S.C. § 1334(c)(2), states as follows:

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding if*

---

1. We note that, at a hearing on March 15, 1988, on the Clerk's Motion to Dismiss the case for delinquencies in filing Operating Statements and a Plan, we issued an order directing the Debtor to file a Plan and a Disclosure Statement by May 1, 1988, and scheduled the latter for a hearing within thirty (30) days thereafter.

*an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.* Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy (emphasis added).

As the Defendant accurately recites in its Brief, this provision was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 (hereinafter referred to as "BAFJA"), in the wake of the decision of the Supreme Court declaring the prior Bankruptcy Code jurisdictional scheme unconstitutional in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). A six-component test has been developed by our brother, Judge Fox, in determining whether § 1334(c)(2) is properly invoked. Those six components are as follows:

> (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*In re Pacor, Inc.*, 72 B.R. 927, 931 (Bankr. E.D.Pa.1987), *aff'd and recommendation approved*, 86 B.R. 808 (E.D.Pa.1987), *appeal dismissed*, No. 87–1408 (3d Cir. Jan. 27, 1988); *In re Earle Industries, Inc.*, 72 B.R. 131, 132–33 (Bankr.E.D.Pa.1987); and *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

The focus here is upon the sixth and final component recited by Judge Fox. Underscoring the language that this component requires that an action *"is commenced,"* Judge Fox, in *Earle Industries*, holds that this component is *not* satisfied if the party

moving for abstention "has offered no evidence that there is a pending state court action." 72 B.R. at 133.

It is impossible to argue with the interpretation of § 1334(c)(2) proffered by Judge Fox on a grammatical basis. He has grafted the very language of § 1334(c)(2), requiring that an action "is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction," into the sixth component of his test.

Indeed, all of the known authorities which have also considered the narrow question presented here have held that the pendency of a state court proceeding is an absolute prerequisite for invocation of § 1334(c)(2). *See, e.g., Ram Construction Co. v. Port Authority of Allegheny County*, 49 B.R. 363, 367 (W.D.Pa.1985); *In re Jackson Consolidated Industries, Inc.*, Bankr. No. 86–B–20497 (Bankr.N.D.Ill. Feb. 4, 1988); *In re World Financial Services Center, Inc.*, 64 B.R. 980, 989 (Bankr.S. D.Cal.1986); *In re Baldwin–United Corp.*, 52 B.R. 541, 548 (Bankr.S.D.Ohio 1985); *In re Excelite Corp.*, 49 B.R. 923, 925 (Bankr.N.D.Ga.1985); and *In re Boughton*, 49 B.R. 312, 315 (Bankr.N.D.Ill.1985).

The thesis of the Defendant appears to be that all of the above courts have overlooked the actual holding of the *Marathon* decision, in which the Supreme Court found that a non-Article III bankruptcy judge could not constitutionally adjudicate that proceeding, which involved strictly state-law issues. No state action was pending prior to the institution of the adversary proceeding in issue in *Marathon*, prompting the Defendant to argue that this proceeding is comparable to that in *Marathon*. Congress, argues the Defendant, could not have enacted a statutory scheme which flew directly in the face of *Marathon*. Thus, the Defendant apparently urges that this court should read out the "pending action" requirement so as to save § 1334(c)(2) from constitutional infirmity.

While this argument has some surface appeal, it does not withstand rigorous analysis, on several bases. First, it proves too much. If *Marathon* really does prohib-

it non-Article III bankruptcy judges from deciding cases involving state-law issues, then how could a bankruptcy court ever refuse to abstain, even if the first, fifth, and sixth components articulated in the test recited above were not met? It makes no logical sense to interpret just one of the six components for invocation of § 1334(c)(2) strictly, i.e., the "action is commenced" requirement, in the hopes that this would save § 1334(c)(2) from constitutional infirmity. If the Defendant's argument is accepted, abstention would have to be mandatory as long as the proceeding is non-core and involved state-law issues.

We do not believe that it is our function to rewrite a statute to cure perceived constitutional defects. On its face, § 1334(c)(2) specifically requires that a state court action "is commenced," and further must be subject to timely adjudication in state court. We believe that our task is to interpret § 1334(c)(2) as it is written unless we find that it is unconstitutional. If we were persuaded by the force of the Defendant's argument, our task would be to declare § 1334(c)(2), if not BAFJA, unconstitutional, not try to bend its clear wording to somehow make it constitutional.

However, we are not persuaded by the Defendant's argument. We seriously doubt that *Marathon* prohibits non-Article III bankruptcy judges from ever deciding proceedings involving state-law issues. *See In re Windsor Communications Group, Inc.,* 67 B.R. 692, 696–99 (Bankr.E.D.Pa.1986). The actual holding of *Marathon* is that the particular jurisdictional provisions of the pre–BAFJA Bankruptcy Code were unconstitutional. No appellate court has, to our knowledge, held that the

revisions effected by the BAFJA Amendments are similarly constitutionally deficient.

A final response to the Defendant's argument requires our consideration of the decision-making authority of the bankruptcy court vis-a-vis the district court set forth in BAFJA, as related to this particular proceeding. The parties have stipulated that this is a related, non-core proceeding within the scope of 28 U.S.C. § 157(c)(1).[2] In such a circumstance, a non-Article III bankruptcy judge cannot enter a final order, but is required to submit proposed findings of fact and conclusions of law to the district court, which alone is empowered to enter a final order or judgment. Thus, the prospect that a non-Article III bankruptcy judge will determine this matter is not presented. The defect perceived in *Marathon* is therefore cured in the configuration which will be likely to unfold here.[3]

A final issue resolved by the recent addition of B.Rule 5011, is whether we, as a bankruptcy court, may determine the very issue of whether abstention is appropriate. We observe that many courts, prior to the effective date of B.Rule 5011 on August 1, 1987, without discussion or hesitation, entered orders granting motions to abstain, *e.g., In re Martin Specialty Vehicles, Inc.,* 71 B.R. 221, 225 (Bankr.D. Mass.1986); *World Financial, supra,* 64 B.R. at 990; *In re Allied Mechanical & Plumbing Corp. v. Dynamic Hostels,* 62 B.R. 873, 878–79 (Bankr.S.D.N.Y.1986); *In re Elegant Concepts, Ltd.,* 61 B.R. 723, 730 (Bankr.E.D.N.Y.1986); and *In re Baumgartner,* 57 B.R. 517, 522 (Bankr.N. D.Ohio 1986); and orders denying such mo-

2. Given our decision in *Windsor, supra,* there is some question in our mind as to whether this *is* a core proceeding. We have already expressed our willingness to define the scope of core proceedings broadly to avoid the waste and delay inherent in the § 157(c)(1) procedure. *See In re A.I.A. Industries, Inc.,* 75 B.R. 1013, 1016–18 (Bankr.E.D.Pa.1987); and *Windsor, supra,* 67 B.R. at 699–700.

3. We also disagree with the Defendant's argument that enforcing the requirement that an action be commenced in state court before § 1334(c)(2) can be enforced eviscerates

§ 1334(c)(2), because the debtor can avoid any possibility of abstention by removing the action to bankruptcy court pursuant to 28 U.S.C. § 1452(a). An action which is appropriate for abstention pursuant to § 1334(c) or 11 U.S.C. § 305 can be remanded to the state court pursuant to 28 U.S.C. § 1452(b) if the criteria of § 1334(c) are met. *See In re United Church of the Ministers of God,* 74 B.R. 271, 273, 277–78 (Bankr.E.D.Pa.1987); *Pacor, supra,* 72 B.R. at 928, 931–32; and *Futura Industries,* 69 B.R. at 832, 833–35.

tions. *See, e.g., In re Finley,* 62 B.R. 361, 369 (Bankr.N.D.Ga.1986); *Matter of Republic Oil Corp.,* 51 B.R. 355, 358 (Bankr. W.D.Wis.1985); and *In re Burgess,* 51 B.R. 300, 302 (Bankr.S.D.Ohio 1985). A smaller number of bankruptcy courts saw fit to only recommend orders granting abstention, *see, e.g., In re Nanodata Computer Corp.,* 52 B.R. 334, 343 (Bankr.W.D.N.Y. 1985), *recommendation adopted,* 74 B.R. 766 (W.D.N.Y.1987), or denying same. *See, e.g., In re Consolidated Lewis Investment Corp.—Limited Partnership,* 78 B.R. 469, 478 (Bankr.M.D.La.1987); and *In re Cemetery Development Corp.,* 59 B.R. 115, 127–28 (Bankr.M.D.La.1986).

Influenced by the provision in 28 U.S.C. § 1334(c)(2) that a decision to abstain (or a decision to remand pursuant to 28 U.S.C. § 1452(b)) is not reviewable, Judge Fox concluded that bankruptcy courts cannot enter orders granting such motions, *see In re Stephen Smith Home for the Aged, Inc.,* 80 B.R. 678, 680 (E.D.Pa.1987) (adopting bankruptcy court recommendation); *Pacor, supra,* 72 B.R. at 932–33; and *Futura Industries,* 69 B.R. at 836–37. However, he further held, in *Earle Industries,* that he had authority to enter an order denying abstention, since review of such orders was not proscribed by §§ 1334(c)(2) or 1452(b).

However, the enactment of B.Rule 5011(b) makes clear that a bankruptcy court shall only hear and then make a report and recommendation to the district court as to any disposition regarding a motion for abstention. Further, under amendments to B.Rule 9027(e), the same procedure of issuing a report and recommendation to the district court must be followed when a motion to *remand* is presented to us. As this case was filed subsequent to the effective date of the aforesaid enactment of B.Rule 5011 and amendment of B.Rule 9027(e), we must follow this procedure. We therefore are filing herein a Report and Recommendation that the district court enter an order denying the Defendant's motion.

**4.** The Defendant therefore should have filed its Answer and the case should have proceeded as if the Motion for Abstention had never been

However, we further note that the pendency of an abstention motion does not stay the administration of any case or proceeding. *See* B.Rule 5011(c). Since this matter was already listed for trial, and trial had been delayed due only to the apparent mistaken belief of the parties' counsel that the pendency of this motion did stay proceedings,[4] we are including, with our Order transmitting this matter to the district court, a Pre–Trial Order which will result in a prompt trial and disposition of this proceeding on its merits. We are somewhat concerned about the impact of the Debtor's request for a jury trial on our hearing the matter with or without a jury and whether withdrawal of the reference of this proceeding to the district court, pursuant to 28 U.S.C. § 157(d), is appropriate because of this demand. *See In re Globe Parcel Service, Inc.,* 71 B.R. 323, 326–27 (E.D.Pa.1987). Our Order thus also contemplates a method for promptly resolving any such issue.

filed, unless a stay had been entered, by the terms of B.Rule 5011(c).